AUGUST F. ZELLE, Respondent, *v.* JOHN H. BOBB ET AL., Appellants.

November 6, 1883.

1. COSTS — EXECUTION — PARTITION — PRACTICE. — In partition, an execution for costs should be against all the defendants jointly and should set out the interests of the parties, in conformity with the judgment.

2. —— APPEALS. — Any party to partition proceedings who is liable for the costs may appeal from an order directing separate executions for the costs against each defendant.

APPEAL from the St. Louis Circuit Court, BARCLAY, J. *Reversed and remanded.*

T. J. ROWE, for the appellants.

DANIEL DILLON, for the respondent.

BAKEWELL, J., delivered the opinion of the court.

In the above entitled cause, which was for the partition of land, the decree was that John H. Bobb is entitled to

one-half of the land in fee and to one-tenth in remainder ; the other parties respectively were found entitled to separate interests set out in the decree, from which there was no appeal.

On this decree, an execution was issued for costs, which amounted to $1,440.85. This execution commanded the sheriff to make these costs out of the goods, chattels, and real estate of the parties to the action, naming them, but saying nothing as to their respective interests.

Plaintiff moved to amend this execution so as to set forth the respective interests of the parties to the cause as stated in the decree ; and, on the same day, the clerk moved for leave to amend. The court sustained the motion; and ordered that the execution " be amended by striking out in the mandatory clause of the writ the names of all the parties save one, and inserting, after the words, ' made the,' the fractional share adjudged against remaining defendants, so as to make the writ perfectly conform to the decree as to one party, and then take new several executions against the remaining parties chargeable with costs."

The execution was then amended so as to read as follows : " Whereas on 22d day of June, 1882, at our circuit court, city of St. Louis, before one of the judges thereof, in a certain cause therein pending wherein August F. Zelle, was plaintiff, and John H. Bobb, Cora B. Taylor, and James B. Taylor her husband, Philip M. Bobb, Charles H. Bobb and Irene Bobb were defendants, it was adjudged and decreed that the parties hereto pay the costs of this proceeding, amounting in the aggregate to the sum of $1,440.85, according to their respective rights and interests in the lands which are the subject of this proceeding. These are, therefore, to command you, that, of the goods and chattels and real estate of the said John H. Bobb, you cause to be made one-half of the aggregate costs," etc.

John H. Bobb excepted to this action of the court; and he, and defendants, Charles and Philip, appeal.

The statute provides (Rev. Stats., sect. 1006) that costs in partition shall be paid by the parties plaintiff and defendant, according to their respective interests in the land; and that judgment shall be against each party for his respective share of costs; and that, "against all parties to such proceedings amongst whom partition shall be made in kind, an execution may issue and shall be levied on the lands, tenements, goods, and chattels of party to such proceedings whose share is set off in kind; provided that no lands, tenements, goods, or chattels, shall be levied upon and sold under and by virtue of such execution, except for the satisfaction of such part of said costs as may be adjudged against the owner thereof."

The first execution was clearly bad. The order amending it provides for several executions, and this, we think, is not in accordance with the statute. The execution ought also to set out the interests of the respective parties in conformity with the judgment. Independently of the statute, the execution ought to appear to be against all the defendants. Freeman Ex., sect. 42 and cases.

Respondent urges that appellant John H. Bobb can not be prejudiced, and that the other defendants are not concerned with the form of execution against John H. Bobb. But we think that all the defendants have a right to insist that execution be issued in conformity with the statute, and each and all of them may be interested in the regularity of the process.

It is suggested that since the appeal John H. Bobb has paid the execution against him, and we are asked to look at the return of the sheriff in the execution against John H. Bobb, which is filed here, with a motion to dismiss the appeal. We look only at the record before us. But, if the fact be as suggested, we can not see that it is material. The court in sustaining the motion to amend, directs several executions against the numerous parties to the action.

This order, we think, was erroneous, and we regard it as a final order from which an appeal will lie by any party to the action whom it may be calculated to prejudice.

The order amending the execution will be reversed and the cause remanded.   All the judges concur.