Appleman v. Appleman.

---

APPLEMAN et al., *Appellants*, v. APPLEMAN et al.

Division One, June 22, 1897.

1. **Delivery of Deed.** The evidence shows that a deed by a father to his daughter, in consideration of the love and affection he bore her and of the obligation he was under to her for her long and faithful services to him, was sealed and acknowledged, and left with the scrivener with another to a grandson with directions to "hold them until they were called for by the proper persons;" that the deed to the grandson was soon afterward delivered; that later on the daughter, having assented to the transaction and gone into possession of the land, called for her deed, but it had been lost. *Held,* that the delivery was complete; *held,* also, that the subsequent loss of the deed could not affect her rights thereunder.

2. ————: ACCEPTANCE: PRESUMPTION.˙ When the grantee is aware of the conveyance, and does not dissent, and the conveyance is positively beneficial to such grantee, acceptance will be presumed.

3. **Deed Void for Insanity of Grantor.** The court in this case holds that the grantor was of sound mind and capable of disposing of his property in a legal manner.

4. **Partition**: TAXING COSTS AGAINST PLAINTIFFS. Plaintiffs brought suit in partition. The defendant answered that the land had been conveyed to her by the common ancestor by a deed which was lost. Plaintiffs joined the issue by a general denial, and that such deed had never been delivered or accepted, and that it was without consideration, and that the grantor was of unsound mind when he made it. *Held*, that the trial court, after finding the issues for defendant, properly taxed the costs against the plaintiffs.

*Appeal from Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*W. H. Kennan* and *W. W. Fry* for appellants.

(1) The deed is said to have been made the day the will was made, September 11, 1886. The will after his death was offered for probate and failed to be probated for the reason one of the witnesses thought at the time he signed the will he was not capable of making a will or conveying, in any way, his property. In addition to this there is the evidence of several witnesses who swear that they do not believe he was capable of conveying his property, and besides in this connection, the fact that he was afterward adjudged insane should be considered and given great weight. (2) "To operate as a complete and effectual conveyance of land a delivery of the deed, actual or constructive, by the grantor, and an acceptance by the grantee, or by someone for him, are essential requisites. The grantor must part with the deed and all right of dominion over it." *Hall v. Hall*, 107 Mo. 101; *Standiford v. Standiford*, 97 Mo. 238; *Huey v. Huey*, 65 Mo. 689; *Taylor v. Davis*, 72 Mo. 291; 2 Greenleaf, Ev., sec. 297. (3) The evidence of William Anderson, of

Nancy Bowne, and Eliza Bowne indicates that she knew well the character of the deed, and knew it was only a life estate to her in the one hundred and sixty acres of land and not a warranty, for she said in the presence of the above named witnesses "that if the deed was not as she wanted it she would burn it up, she would tear it up," etc. There must be an acceptance by the grantee. *Rogers v. Carey*, 47 Mo. 232; *Ebersole v. Rankin*, 102 Mo. 488; *Sneathen v. Sneathen*, 104 Mo. 210.

*George Robertson* for respondents.

(1) The mere fact that the mind of a person is impaired by age or disease does not render such person incompetent to make valid contracts. The legal test is the capacity to understand the nature and effect of the transaction. *Cutler v. Zollinger*, 117 Mo. 101. (2) There is nothing in the case to indicate that Levi Appleman did not part with his control of the deed at the time of delivering it to Squire Holloway. The delivery of the deed to Squire Holloway was a complete delivery to Mary Jane Appleman. *Sneathen v. Sneathen*, 104 Mo. 201; *Hamilton v. Armstrong*, 120 Mo. 597; *Crowder v. Searcy*, 103 Mo. 97; *Rothenbarger v. Rothenbarger*, 111 Mo. 1; *Turner v. Carpenter*, 83 Mo. 333. (3) Her going into possession of the land is, in point of fact, conclusive as to her acceptance. Devlin on Deeds, secs. 287 and 289; *Rogers v. Carey*, 47 Mo. 232; *Allen v. DeGroodt*, 105 Mo. 442; *Hall v. Hall*, 107 Mo. 101; *Church v. Gillmore*, 30 Am. Dec. 82; *Merrills v. Swift*, 46 Am. Dec. 315; *Thom v. San Francisco*, 4 Cal. 169.

BRACE, J.—This is an action brought by a number of the heirs at law of Levi Appleman, deceased, against

the other heirs of said deceased, for partition of the real estate of which the said Appleman died seized, alleged to be three hundred and three acres as described in the petition. The only contested issues in the case arise upon the answer of the defendant Mary J. Appleman, a daughter of said deceased, who therein claimed that in the month of September, 1886, her father, the said Levi Appleman, in consideration of service theretofore rendered him, by his warranty deed duly signed, sealed, and acknowledged, conveyed. to her, of the land described in the petition, "the northeast quarter of section 25, township 52, range 12, containing one hundred and sixty acres, and delivered the same to one G. W. Holloway for her; that afterward and while the deed remained in the hands of said Holloway, the same was lost or destroyed," and prayed that the title to said one hundred and sixty acre tract be vested in her. Issue upon this answer was joined by plaintiffs in which, after a general denial of the allegations of the answer, it was averred that if there was a deed made as alleged in said answer, that the said Levi Appleman at the time of the making thereof was of unsound mind and incapable of making a valid conveyance, that the same was without consideration and was never accepted by said Mary J. Appleman. The issues were tried by the court and found for the defendant Mary J. Appleman and the title to said one hundred and sixty acres decreed to her, from which decree the plaintiffs appeal.

After a careful consideration of all the evidence in the case we return the following answers to the questions raised by counsel for appellants in their brief.

1. It appears satisfactorily from the evidence that on the eleventh day of September, 1886, the said Levi Appleman, by his general warranty deed of that date, conveyed the said tract of one hundred and sixty acres to his daughter Mary J. Appleman in considera-

tion of the love and affection which he bore her, and
of the obligation he felt he was under to her for her
long and faithful service to him after she had arrived
at the age of maturity. That said deed was duly
signed, sealed, and acknowledged before G. W. Hollo-
way, a justice of the peace, and with another like
deed for other land executed in the same manner to
his grandson Bell Jackson Appleman, was delivered to
the said Holloway with the direction "to take these
deeds and hold them until they are called for by the
proper persons." That the said Mary J. Appleman
knew at the time or was thereafter informed that said
deed to her had been so executed and assented thereto,
and thereafter in the lifetime of her father took pos-
session of the premises. That said deeds remained in
the possession of Holloway some time, when the deed
to the grandson was called for and delivered to him.
The deed of the daughter, remaining in his possession
a still longer time, could not, when called for, be found,
and remained lost at the time of the trial. Under
these circumstances we think the deed was well deliv-
ered, the rule being in respect to a grantee not under
disability "that when such grantee is aware of the con-
veyance, and does not dissent, and the conveyance
is positively beneficial to him or her, acceptance will
be presumed." *Hall v. Hall*, 107 Mo. 101; *Standiford
v. Standiford*, 97 Mo. 231. There can be no question
but that the "direction to deliver the deed to the
proper person" was a direction to deliver it to the
grantee Mary J. Appleman, and as the deed took effect
and the title passed to her at the date of the delivery
to Holloway, the subsequent loss of the deed could in
no way affect her rights under the deed.

2. The weight of the evidence is that the said
Levi Appleman, at the time of the execution of the
deed, was of sound mind and capable of disposing of

his property in a rational manner, and that he made the conveyance freely and voluntarily with full knowledge of his property, situation, surroundings, and circumstances and of all those who had any claims upon his bounty.

3.   The court committed no error in taxing the costs of the trial of this issue against the plaintiffs; they alone contested the issue, and having lost it, should pay the costs.   Finding no error, the judgment is affirmed.   BARCLAY, P. J., MACFARLANE and ROBINSON, JJ., concur.