J. M. WHITSETT, Appellant, v. JOSEPH W. WAMACK et al., Respondents.

Kansas City Court of Appeals, June 9, 1902.

1. **Partition: COSTS.** Where the plaintiff in partition is defeated, the costs are rightly taxed against him.

2. ———: ———: ATTORNEY'S FEE. Where there is no partition, plaintiff can not be allowed an attorney's fee.

3. ———: ———: GUARDIAN AD LITEM. The allowance of a guardian *ad litem* of minors in a partition suit rests in the discretion of the court, and when allowed becomes a part of the costs; and this is so whether plaintiff is defeated or not. (SMITH, P. J., dissenting.)

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

AFFIRMED.

*E. O. Brown* and *George W. Crowder* for appellant.

(1) In this State, suits for partition of real estate, including the allowance of attorneys' fees, and fees to guardians *ad litem,* are of merely statutory origin, and there is no power in the circuit court to allow attorneys' fees or fees to guardians *ad litem* until a judgment of partition on the merits has been rendered, or a sale of the land sought to be partitioned under a decree of court. R. S. 1899, secs. 4422-4415; Gulick v. Huntley, 144 Mo. 252; Draper v. Draper, 29 Mo. 14. (2) This suit having been dismissed by the plaintiff on the second day of September, 1901, more than six days before the allowance in question was made or even applied for, the court below was clearly without authority or jurisdiction to make any allowance whatever on account of fees to the guardian *ad litem.* Moreover, the statute manifestly contemplates a final judgment of partition on the merits or a sale of the land sought to be partitioned, under a decree of the court, before the right attaches to allow any fees in favor of the attorney bringing the suit, or to the guardian *ad litem* for the minor defendants. R. S. 1899, secs. 4415, 4422, 4426. (3) While section 4422, Revised Statutes 1899, provides that the judge of the court shall allow a reasonable fee to the attorney, and in like manner make a reasonable allowance to the guardian *ad litem,* to be taxed and collected as costs in the case, yet this section has no application where, as in this case, the suit in partition has been dismissed without making such allowance. And there is no more authority in the circuit court, after a dismissal of the suit on its merits,

to allow fees to the guardian *ad litem,* and make them a charge against the plaintiff, which the allowance in question practically does, than there is in any other proceeding at law or in equity where no statutory regulation obtains. Gulick v. Huntley, 144 Mo. 252; Hoover v. Railroad, 115 Mo. 77-82; Eddie v. Eddie, 138 Mo. 607.

*McReynolds & Halliburton* for respondent.

(1)   It was the duty of the court to appoint a guardian *ad litem* and the duty of Halliburton as an officer to accept the appointment and use his best endeavors to protect the interests of the minors. R. S. 1899, secs. 558, 559, 560, 4381.   (2)   It was the duty of the court to make the allowance in this case, and it certainly had authority to do so. R. S. 1899, sec. 4422.   (3)   The intent of the law is the prime object to be kept in view in its construction. State ex rel. v. McGowen, 138 Mo. 187; Schawacker v. McLaughlin, 139 Mo. 333.   (4)   The only time the court could have made the allowance was after the dismissal of the case. It could not have been made before. And plaintiff could not avoid the allowance by dismissing. The motion was filed at the same term of court as the entry of dismissal. R. S. 1899, sec. 3456; Ellison v. Ralston, 19 Mo. App. 537; Waters v. Waters, 49 Mo. 385; Railroad v. Lackland, 25 Mo. 515.

BROADDUS, J.—This suit grows out of a statutory partition proceeding.   The plaintiff instituted partition proceedings wherein he claimed to be the owner of two-thirds of certain described lands situate in Jasper county, Missouri, and that the defendants, who were infants, were entitled each to an undivided interest in the remaining one-third thereof.   The court under the statute, appointed J. W. Halliburton, a member of the bar, guardian *ad litem* for said minors, who

filed answer and rendered important and useful service to said minors in said suit.

The plaintiff, on the trial in the circuit court, was adjudged the owner of the interest in said land as alleged in his petition, but the defendants, through their guardian *ad litem,* appealed the case to the Supreme Court, and the cause was reversed, the court holding that the only interest plaintiff had in said land was a life estate. See Whitsett v. Wamack, 159 Mo. 14. After the case was remanded to the circuit court, the plaintiff dismissed his partition suit, whereupon during the same term, the guardian *ad litem* filed a motion to tax his fees as such as costs in the case. This motion was sustained and his fee was taxed at $300, as costs. There is no controversy as to the amount allowed, but the plaintiff and appellant contends that there was no authority after the case was dismissed to allow fees for the guardian *ad litem;* that the statute only contemplates such allowance when partition is had.

Section 4422, Revised Statutes 1899, under which said allowance was had, is as follows: ''The judge of the court in which any suit under this article may be brought shall allow a reasonable fee to the attorney or attorneys bringing the suit, and may in like manner make a reasonable allowance to guardians *ad litem* when appointed, which fee and allowances shall be taxed and paid as other costs in the case.'' Under section 4415, when the property sought to be partitioned is sold, the sheriff is required to pay the costs and expenses of the proceedings out of the proceeds in his hands, of money realized from the sale. When the land is set off in shares to the parties interested in proportion to their interests, the costs of the proceedings shall be paid by the parties in proportion to their said respective shares. Sec. 4405.

But it must be conceded that the plaintiff became liable for costs, and that the court had the right to tax the costs against him, he being the losing party, and

in favor of the defendants, the successful parties; and the only question presented by the record is, was the allowance made by the court in favor of the guardian *ad litem* a legitimate part of such costs?

The object of the statute in providing for the appointment of a guardian *ad litem* is to protect the interest of minors, who, by reason of their legal disabilities, can not appear in person and assert or defend their rights. Such an appointment is not a mere formal matter, but carries with it, as it did in this case, the most serious responsibilities. If by his vigilance and ability he succeeds in defeating an unlawful claim of the plaintiff in the land of the minors, and thus preventing partition, it is urged that no fee can be lawfully allowed him by the court; that his allowance for services depends not upon the value, but upon the nature of the judgment rendered in the case.

It is true that if there is no partition, the court can not allow a fee for the plaintiff's attorney for his services in the case, because the object of the allowance is to charge the whole estate with the costs, as the proceedings are for the benefit of all parties interested in the land. In the first place, the plaintiff's attorney looks to his client for his fee, and the latter, under the statute, has the right to charge it to the whole estate. The court under the statute "shall" allow it. There is no discretion in the matter, except as to the amount. But the matter is different with the guardian *ad litem*. He has no client with whom he can contract; he does not represent the estate, only the interest of the minors. It is not his duty to obtain partition, but, on the contrary, it may be his duty to defeat it. His allowance is not to be made as a matter of law if partition is had, but is dependent upon the discretion of the court under the statute.

It is true, his allowance is to be taxed as costs, and to be paid out of the estate or by the parties to the suit in proportion to their interest; and so are the sheriff's

and clerk's costs. It might as well, therefore, be urged that the plaintiff can not be held liable for costs of those officers for the same reasons that are urged against the allowance of the costs of the guardian *ad litem*. It was held, however, in Appleman v. Appleman, 140 Mo. 309, where the plaintiff was denied partition, that he should pay the costs.

The allowance of the guardian *ad litem's* fee for his services, under the statute, was a matter within the discretion of the court, and when so allowed became a part of the costs. We believe that the finding and judgment of the lower court was right under the law, and we, therefore, affirm the cause. ELLISON, J., concurs, SMITH, P. J., dissents.