THOMAS WARD McMANUS, Appellant, v. CAMILLA BURROWS et al.; SIM T. PRICE et al., Respondents.

#### Division Two, December 10, 1912.

1. **EXECUTION: Partition: Fees of Commissioners and Attorneys.** Under the provisions of Sec. 2279, R. S. 1909, attorneys and commissioners are entitled to execution for fees taxed and adjudged to them by the court in a suit in partition of lands founded on the statutes.

2. ————: **Conformity to Judgment: Sec. 2279, R. S. 1909.** An execution issued under Sec. 2279, R. S. 1909, does not fail to conform to the judgment because it does not run against one of the parties against whom attorneys' and commissioners' fees in partition were originally adjudged, and does not run against another party for the full amount originally adjudged, where said execution recites the fact that those parties had, after judgment, paid the amounts, or a part thereof, taxed against them.

Appeal from St. Louis City Circuit Court.—*Hon. Matt G. Reynolds,* Judge.

AFFIRMED.

*T. J. Rowe, Thomas J. Rowe, Jr.,* and *Henry Rowe* for appellant.

(1) No one but a party to the suit can have an execution. Price and Nichols were the attorneys for

the plaintiff, and Gerhart, Grenner and Trembley were the commissioners appointed by the court to make the partition and had no authority to direct the issuance of an execution. R. S. 1899, Secs. 1563, 3151, 4392, 4415 and 4422: Hoover v. Railroad, 115 Mo. 77; Davis v. McCann, 143 Mo. 172; State ex rel. v. Renick, 157 Mo. 292; Beedle v. Mead, 81 Mo. 306. (2) The right to an execution is a strictly statutory right, and must be construed strictly, and he who claims such right must be able to place his finger on the statute which grants it. (3) The execution must conform with the judgment, and must describe the judgment. If it fail in this essential part it is void. Freeman on Executions, Sec. 42, pp. 64 and 65; Zelle v. Bobb, 14 Mo. App. 267; Bam v. Chrisman, 27 Mo. 293; Coe v. Ritter, 86 Mo. 287; Maloney v. Association, 57 Mo. App. 384.

*R. M. Nichols* for respondents.

(1) The words "party" and "parties," as used in Secs. 2090, 2172, 2279 and 2290, R. S. 1909, include all who are directly interested in the judgment. The allowances to commissioners, attorneys and other costs make the beneficiary "party" to the judgment and he is estopped by the judgment, could exercise the right of appeal from such allowance, as could the "parties" to the suit. Sec. 2279 not only makes the recipient or beneficiary of the judgment "a party" but gives him the right of execution. Donaldson v. Allen, 213 Mo. 293; State ex rel. v. St. Louis, 145 Mo. 551; State ex rel. v. Johnson, 123 Mo. 43; Robbins v. Chicago, 71 U. S. 657; Cortez v. Superior Court, 86 Cal. 274; Thomas v. College, 43 Pac. 966; Freeman on Executions (2 Ed.), Sec. 21; Fisk v. Lamoreaux, 48 Mo. 523; Gay v. Orcutt, 169 Mo. 400; Paddock v. Railroad, 60 Mo. App. 337. (2) It is contended there is a variance, because the execution does not

run against all the parties. The execution is against all of the parties named in the judgment excepting Camilla S. W. Burrows, and the execution shows, as a reason why it is not against her, that she had paid the part of the judgment against her. The judgment against her was her separate liability. No other party was liable for it. (a) An execution on a judgment against her which had been paid, would have been a nullity. Durfee v. Moran, 57 Mo. 374; Mill Co. v. Sugg, 83 Mo. 476. (b) ''Where partial payments have been made upon a judgment, the execution should recite the judgment as it was originally recovered and state the amount that has been paid, and the sum that is still due, or be issued for the whole amount of the judgment with the credit indorsed on the back of the writ.'' 8 Ency. Pl. & Pr., p. 428; Walker v. Deaver, 79 Mo. 679; State ex rel. v. Burns, 129 Mo. App. 484.

BLAIR, C.—This is an appeal from an order of the circuit court of the city of St. Louis overruling a motion to recall and quash an execution issued on a judgment partitioning certain property in kind and awarding costs and attorneys' fees.

On the coming in of the report of the commissioners the plaintiff, the present appellant, moved for confirmation of the report and the court took up at the same time with plaintiffs' motion the petition or motion for the allowance of attorneys' and commissioners' fees and thereupon rendered judgment confirming the report of the commissioners, making certain allowances to the commissioners and to the attorneys in the case and allowing certain other items of expense and costs. The whole amount of all these allowances was by the judgment taxed as costs and adjudged against the several parties in proportion to their interests in the lands partitioned, i. e., one half against appellant, one third against Park, trustee, and

one sixth against Camilla S. W. Burrows. At the next term of court the attorneys and commissioners moved for execution on this judgment, the motion reciting the several allowances made by the court and further stating that Camilla S. W. Burrows had paid all sums adjudged against her, that appellant had paid one half of the allowance for attorneys' fees and Park had paid nothing and prayed execution against appellant and Park for the sums adjudged against them and yet unpaid. The court, over appellant's exception, sustained the motion and ordered that execution issue. The execution issued pursuant to this order clearly identified the judgment upon which it rested, recited the several allowances made, stated the interests of the several partitioners in the property partitioned and the proportions of all the allowances and costs adjudged against the respective partitioners, set forth the payment by Camilla S. W. Burrows of the whole amount adjudged against her and the payment by appellant of that part of the allowance for attorneys' fees adjudged against him, and commanded that there be made from the property of appellant one half of each allowance except that for attorneys' fees and that there be made from the property in Park's hands as trustee one third of each allowance made in the judgment.

In view of the questions presented by appellant's counsel in this court this is a sufficient statement of the substance of the execution issued. Appellant's motion to recall and quash the execution was overruled and he appealed.

Other facts pertinent to the questions presented will be stated in the course of the opinion.

A reversal is sought on the grounds that (1) the judgment does not authorize the issuance of execution, (2) the attorneys and commissioners had no right to have execution issued and (3) the execution does not conform to the judgment.

I.   The judgment in partition was not appealed from and became final with the lapse of the term.  Appellant took and is in possession of the parcels of realty set off to him in the commissioners' report as confirmed by the court.  The statute (Sec. 2279, R. S. 1909) authorized judgment for his proportionate share of the costs against each party to the partition proceedings and the issuance of execution on such judgment, the levy of such execution on the property of the respective partitioners and the sale, under that execution, of enough of the property of each to pay the amount adjudged against him, and no more.

1.   Under the general statute (Sec. 2172, R. S. 1909) "the party in whose favor any judgment, order or decree is rendered, may have execution in conformity therewith," and section 2279, supra, specifically warrants the issuance of execution on judgments of this kind in suits in partition.  Even at common law it was not necessary that the judgment formally award execution.  [1 Freeman on Executions, Sec. 16.]

2.   It is insisted, however, that the sections of the statute (Secs. 2609 and 2578, R. S. 1909) which authorize allowances in favor of attorneys and commissioners in suits in partition provide that these shall be taxed and collected as costs and, it is argued, that collection thereof must be made by fee bill, not by execution.  The argument is principally based on the idea that the judgment is merely for costs, in the ordinary sense, and that those in whose favor allowances are made are not "parties" entitled to execution.  There was a time when the statute (Gen. Stat. 1865, p. 689, Sec. 22) provided that in suits in partition the petitioner or petitioners should, in the first instance, pay all costs, be then entitled to judgment against the other parties in proportion to their respective interests and, in case there was partition in kind, a *fee bill* should issue for the collection of the costs so adjudged, for the reimbursement of such peti-

tioners. In 1879 (Sec. 1006, R. S. 1879; 2279, R. S. 1909) this section was amended and the provision as to payment of all costs by petitioners was eliminated, as was that respecting collection by fee bill, and the present statute enacted authorizing judgment against each allottee for his due proportion of all costs, the issuance of execution therefor and the levy and sale thereunder if necessary. In view of this significant amendment we think there can be no doubt the Legislature intended to substitute execution for fee bill in collecting costs and allowances in suits in partition and that the statute authorized the issuance of the execution in this case. The fact the sections of the statute referred to (2578, 2609, R. S. 1909) direct the taxation and collection of attorneys' and commissioners' allowances "as other costs" and "as other costs in the case" must be considered in the light of the amendment mentioned and interpreted to mean as it clearly does mean, "as other costs in the case" *in partition* before the court, and such costs are to be collected under the special provisions (Sec. 2279, supra) relating to costs in suits in partition. The phrases "as other costs" and "as other costs in the case" refer to the special statute (Sec. 2279) and not to the general statute relative to the collection of costs in cases of other kinds. The cases cited (Hoover v. Railroad, 115 Mo. 77; Davis v. McCann, 143 Mo. 172; State ex rel. v. Renick, 157 Mo. 292; Beedle v. Mead, 81 Mo. 306) arose under the general provision relating to the taxation and collection of costs and are not in point. The judgment is against the partitioners and in favor of those to whom allowances are made and the statute leaves no room for doubt that execution may issue. Those in whose favor these allowances or costs are adjudged in cases of this kind are, under the special statute, entitled to control the judgment therefor in their favor and, for that matter, would seem to be as much "parties" to the judgment

in their favor as any other who secures a money judgment. Their relation to the judgment is very different from that of the court official entitled to fees accruing in connection with an ordinary action and whose rights with respect to collecting his fees or costs are defined by a wholly different statute.

II. It is finally insisted the execution does not conform to the judgment and by that fact is invalidated. It is not to be denied that conformity to the judgment on which it is based is essential to the validity of an execution.

The judgment conformed exactly to the provisions of section 2279, supra, in that the allowances and costs were taxed against each of the allottees in exact proportion to his ascertained interest in the property partitioned and judgment was rendered accordingly "against each party for his or her share of such costs." Subsequently Camilla S. W. Burrows paid all sums adjudged against her, appellant paid his proportion of the attorneys' fees as adjudged against him and Park paid nothing. The execution included only *unpaid* amounts, ran against appellant and Park for the proportionate amounts of the unpaid items adjudged against them and ran in favor of those to whom these amounts were due. The statute (Sec. 2279, supra) clearly contemplates a single judgment, against each allottee for his proportionate part of the allowances and costs, and also authorizes a single execution on the judgment, such execution to follow the judgment as to the several amounts adjudged against the several parties and specifically prohibits a sale thereunder of any property of any allottee save so far as necessary to realize sufficient funds to pay the portion adjudged against such allottee. There is but one judgment and one execution authorized (Zelle v. Bobb, 14 Mo. App. l. c. 269) but that judgment is severable to the extent that the fact

Camilla S. W. Burrows had paid all sums adjudged against her warranted the court's refusal to include her in the execution further than by a recital of the fact her proportion had been adjudged against and paid by her. In fact no other course was open to the court since Camilla S. W. Burrows had complied fully with the judgment in so far as it affected her. It was also the duty of the court, in ordering the issuance of the execution, to give proper credit for the sums paid by appellant on the amount adjudged against him. This the court did by reciting in the execution the entire amount adjudged against appellant and the amount paid by him and awarding execution against him for the balance. [8 Ency. Pl. & Pr., p. 428.] The objection that the execution does not conform to the judgment in that it does not run against Camilla S. W. Burrows and that it does not run against appellant for the full amount originally adjudged against him is not sound and is ruled against appellant. The case of Zelle v. Bobb, 14 Mo. App. 267, is cited as supporting a contrary conclusion, but in that case no payment had been made by any one and the trial court had attempted to issue separate executions against each defendant. In the case before us Camilla S. W. Burrows has eliminated herself by payment of all due from her. No sale of her property could be made under the judgment, no judgment against her remains unsatisfied. The case cited had to do with entirely different facts. Other cases cited (Maloney v. B. & L. Assn., 57 Mo. App. 384; Coe v. Ritter, 86 Mo. 277; Bain & Wyatt v. Chrisman & Porter, 27 Mo. 293), so far as applicable, merely announce the general rule that an execution must conform to the judgment upon which it is issued. The execution varies from the statutory form (Sec. 2173, R. S. 1909) but such variance is practically accounted for and authorized by the special statute (Sec. 2279, supra) under which it was issued.

In view of what has been said we find no ground for reversal in the specific objections (above discussed) made to the execution and none other appears or is called to our attention and the judgment is affirmed. *Roy, C.,* concurs.

PER CURIAM.—The foregoing opinion of BLAIR, C., is adopted as the opinion of the court. All the judges concur.