CONNOR REALTY COMPANY, Respondent, v. ST. LOUIS UNION TRUST COMPANY et al., Appellants.

Springfield Court of Appeals, December 11, 1913.

1. **PARTITION: Attorney's Fee: Allowance by Court.** In a partition suit, in order for the trial court to allow plaintiff's attorney a fee, it is not necessary that such fee should be fixed by contract or agreement. [Citing Secs. 2275, 2279 and 2609, R. S. 1909.]

2. **ATTORNEY'S SERVICES: Reasonable Compensation for: Implied Agreement, When.** Where an attorney renders valuable services and the same are accepted by the client, there is an implied agreement to pay for same.

3. **ATTORNEY'S SERVICES: Fee for; Court Fixing: What Considered.** Evidence of partition suit examined; conditions and circumstances of case and services rendered by attorney considered. *Held* that the trial court was justified in allowing $720 for attorney's fee.

Appeal from Jasper County Circuit Court, Division Number One.—*Hon. Joseph D. Perkins*, Judge.

AFFIRMED.

*McReynolds & Halliburton* for appellants.

(1) Where a suit is dismissed, either by the plaintiff or by the court, under the law the court has no authority to do anything save tax the costs against the plaintiff. Sec. 2275, R. S. 1909; Schafer v. Roberts, 166 Mo. 84; Thompson v. Elevator Co., 86 Mo. 333. (2) This rule applies in partition as well as in other cases. Appleman v. Appleman, 140 Mo. 309. (3) The court had no authority to tax an attorney's fee and enter a judgment dismissing the suit. Under the law when the property is ordered sold it is contemplated that an attorney's fee shall be paid only on an order

of distribution of the proceeds of the sale. Secs. 2609, 2602, 2591, R. S. 1909; 30 Cyc. 301; Wentworth v. Wentworth, 142 S. W. (Texas) 145; Harrington v. Goldsmith, 68 Pac. 594; Wells v. Venderwerker, 60 N. Y. Supp. 1089. (4) The thory under which attorney's fees in a partition are allowed to the plaintiff, is that plaintiff's counsel renders services to all of the parties in interest in obtaining a partition of the property. But where there is no partition it has been expressly held in this State that there can be no allowance of attorney's fees. Whitsett v. Wamack, 95 Mo. App. 298; Whitsett v. Wamack, 159 Mo. 14; Secs. 4422, 4415, R. S. 1909. (5) There could be no final judgment in partition in this case confirming the sale and distribution of proceeds among the parties, because the parties, by their own action, have divested the court of any possibility of making such a judgment. There being nothing left in issue the court had no choice but to set aside the interlocutory decree and dismiss the proceedings. Collins v. Crawford, 214 Mo. 167; Nevins v. Moore, 221 Mo. 361; In re Hutton's Estate, 92 Mo. App. 132; City v. Simmons, 167 Mo. App. 187; Wait v. Railroad, 204 Mo. 506; Railroad v. Bridge Co., 215 Mo. 296. (6) There can be no judgment for attorney's fees where there is no evidence to show that the plaintiff and his attorney had any contract that he was to be paid a fee. Draper v. Draper, 29 Mo. 13; Lucas Bank v. King, 73 Mo. 590; Frank v. Crawford, 14 Mo. App. 599; Gulick v. Huntley, 144 Mo. 252.

*Howard Gray* and *W. H. Phelps* for respondent.

(1) It is not necessary for the attorney who brings the partition suit to have a special contract with his client relating to fees. It is only necessary that there was an understanding that he was to be paid for his services. And the presumption is that the attorney was to be paid. Donaldson v. Allen, 213 Mo.

293; Liles v. Liles, 116 Mo. App. 413; Forsee v. Mc-
Guire, 109 Mo. App. 701; Eddy v. Eddy, 138 Mo. 599;
Padgett v. Smith, 207 Mo. 235; Taussig v. Railway
Co., 166 Mo. 28; Fitzpatrick v. Dooley, 112 Mo. App.
170; State ex rel. v. Allen, 124 Mo. App. 472.    (2)
When Col. Phelps filed the petition for the plaintiff,
and as the record shows agreed to a continuance of the
case and subsequently filed a reply, and as the judg-
ment shows was the only representative of the plain-
tiff in court at the time the judgment was rendered,
the law presumes that he was there at the request of
the plaintiff.  O'Brien v. Yare, 88 Mo. App. 489; Pat-
terson v. Yancy, 97 Mo. App. 681; Cemetery Assn. v.
McCune, 119 Mo. App. 349; Improvement Assn. v.
Christian College, 234 Mo. 715; Miller v. Assurance
Co., 233 Mo. 91.    (3)    The special statute relating to
partition suit costs takes the place of the general stat-
ute relating to costs.  Secs. 2279, 2609, R. S. 1909;
McManus v. Burrows, 246 Mo. 438.    (4)    The only case
cited by appellants that really discusses the question
at issue is Whitsett v. Wamack, 95 Mo. App. 298, and
the issue was not before the court in that case, and
hence anything said on that point is not to be con-
strued as the decision of the court.  Koerner v. Car
Co., 209 Mo. 141; State ex rel. v. Railroad, 240 Mo.
53; Lyons v. Surety Co., 147 S. W. 778; State ex rel.
v. St. Louis, 241 Mo. 231.  (5) The Wamack case, how-
ever, is express authority for the proposition that fees
in partition can be allowed and assessed although
there was no final judgment in partition as there was
no partition in that suit, and yet the court upheld an
allowance to the guardian *ad litem*.

FARRINGTON, J.—This appeal was taken from
an order allowing an attorney's fee of $720 in a par-
tition suit.

The plaintiff and defendants were owners as ten-
ants in common of eighty acres of land in Jasper coun-

ty. On December 20, 1911, the plaintiff, by its attorney, W. H. Phelps, instituted a suit in the Jasper county circuit court to partition the property. The petition, signed by W. H. Phelps as attorney for the plaintiff, set up the respective interests of the parties, alleged that plaintiff was the owner of an undivided one-fourth interest, and prayed that the real estate be divided among the parties according to their respective interests. The defendants were served with process, and subsequently answered. The answer of Emma R. Holmes and the St. Louis Union Trust Company, two of the defendants owning an undivided one-half interest, admitted the averments in the petition as to the respective interests of the owners, set up the fact that the property was valuable mineral land, and could be divided in kind, and asked that commissioners be appointed to examine and divide the property in kind. The answer of James W. Way admitted the allegations of the petition, set up the fact that the property was valuable mineral land, and averred that the same could not be divided in kind in an equitable way, and asked that an order be made directing a sale of the property and a division of the proceeds among the parties according to their respective interests. The plaintiff in reply admitted that the land was not susceptible of partition in kind. After a hearing, the court entered an interlocutory decree finding the interests of the parties to be as alleged in the petition and directing that the land be sold and the proceeds divided according to the interests of the parties as found.

After the order of sale was made, all the parties owning this property agreed to form a corporation for the purpose of taking title to the land in suit. This arrangement was perfected and stock in the corporation was issued to each of the parties for an amount bearing the proportion to the whole amount of the stock that each one's interest in the land bore to the

whole of the land. In other words, instead of dividing the property in kind, a corporation was organized with the capital consisting of the property in suit and each tenant in common took his respective part in stock of the corporation.

After this arrangement had been entered into, the defendants moved the court to set aside the decree and dismiss the suit.

Prior to passing upon this motion the court took up the application of W. H. Phelps for the allowance of an attorney's fee and made an allowance of $720 for his services, taxing the same as costs in the cause and ordering the costs to be taxed against all the parties according to their respective interests as set out in the interlocutory decree.

Thereafter, the defendants' motion to set aside the interlocutory decree and dismiss the cause was by consent taken up and the court found that the organization of the corporation and the arrangement of taking stock had been agreed upon, and sustained the motion as to the dismissal of the cause, but overruled that portion of the motion asking that the interlocutory decree be set aside, and ordered that the cause be dismissed and the defendants discharged, and that the costs including the attorney's fee be taxed against the respective parties. From this action the appeal was taken.

At the hearing as to the allowance of an attorney's fee, the plaintiff introduced as a witness T. V. Nolan who testified that the value of the land when the partition suit was filed was $24,000. Plaintiff then showed by the testimony of A. L. Thomas and R. A. Moneyham, two lawyers of Jasper county, that the value of the services rendered by attorney W. H. Phelps in this cause was $1200. The defendants offered no evidence as to the value of the attorney's services, but did offer in evidence the deeds from the respective parties to the corporation and the documents

evidencing the incorporation. So far as this record shows, W. H. Phelps acted throughout as the attorney representing the plaintiff in this partition suit, and there was no contest concerning his services until it came to the allowance of a fee.

There are but two questions raised by appellants in this appeal, one as to the power of the trial court to allow an attorney's fee in a partition suit under the facts herein, and the other as to whether the allowance of $720 was excessive, unreasonable, and a manifest abuse of the discretion vested in the court.

Relying upon the cases of Draper v. Draper, 29 Mo. 13, and Lucas Bank v. King, 73 Mo. 590, appellants insist that in the absence of a contract for a fee between the plaintiff and its attorney, none could be allowed.

We must rule against appellants on this contention, and it would seem that no other reasons need be given than those contained in the following cases: Liles v. Liles, 116 Mo. App. 413, 91 S. W. 983; Donaldson v. Allen, 213 Mo. 293, 111 S. W. 1128; Forsee v. McGuire, 109 Mo. App. 701, 83 S. W. 548; Eddie v. Eddie, 138 Mo. 599, 39 S. W. 451; State ex rel. Shipman v. Allen, 124 Mo. App. 465, 472, 103 S. W. 1090; Taussig v. Railway Co., 166 Mo. 28, 65 S. W. 969. These cases hold, first, that the amount of the attorney's fee need not be fixed by contract or agreement in a partition suit to authorize the trial judge to allow the plaintiff's attorney a fee, and second, that where an attorney renders valuable services which are accepted by his client, there is an implied agreement to pay for the same. It is distinctly pointed out in these cases why the rule announced in the two cases relied upon by the appellants is no longer the law in this State.

Appellants cite section 2275, R. S. 1909, which reads as follows: "Upon the plaintiff dismissing his suit, or defendant dismissing the same for want

of prosecution, the defendant shall recover against the plaintiff his costs; and in all other cases it shall be in the discretion of the court to award costs or not, except in those cases in which a different provision is made by law.'' This statute does not apply to this case because this suit was not dismissed by the plaintiff or on motion of the plaintiff nor on a motion of the defendants for want of prosecution. There is a portion of the statute, however, that bears on the question, to-wit, ''and in all other cases it shall be in the discretion of the court to award costs or not, except in those cases in which a different provision is made by law,'' and a different provision is made by the enactment of sections 2279 and 2609, Revised Statutes 1909, which deal specifically with the assessment of costs including attorney fees in partition suits. [See, McManus v. Price, 246 Mo. 438, 152 S. W. 3.]

For the reasons stated in Donaldson v. Allen, supra, the attorney for the plaintiff in an equitable partition is entitled to have his fee taxed against all the parties taking under the partition according to their respective interests. How could a more just partition be arrived at than that accomplished in this case? The ultimate purpose of this, as well as any partition suit, was to give the respective owners their individual interests in the property rather than their interests in common. The petition filed by plaintiff's attorney brought about this ultimate result. In some cases, the property can be divided in kind; in others, the proceeds must be divided. While it is true the course here pursued was somewhat novel, the purpose of the suit and the result reached was that which is desired in any partition proceeding. Considering the character of the land sought to be partitioned, the process of adjustment of the rights of the various parties here was far better than to have divided the land in kind, in which event possibly one of the tenants in common would have acquired valuable mining land, and another

land of much less value.  The course pursued was better than to have sold the land because some of the owners might have been able to make it bring all it was worth while others might have been unable to make it bring a value equal to their undivided interests.  Here the form of the property was changed, and in its changed form, divided in kind.  Bearing in mind that the result desired in the partition suit was accomplished by virtue of the proceeding, and that attorney fees are allowed the petitioning parties in legal or equitable partitions, it would seem that no more need be said to uphold the *legality* of the allowance made in this case.

The case of Appleman v. Appleman, 140 Mo. 309, 41 S. W. 794, fails as an authority here for the reason that the plaintiff lost the suit because it was determined that he had no interest subject to partition.  We are also referred to the case of Murphy v. Smith, 86 Mo. 333, but that was a suit in ejectment and hence has no bearing on the question in issue here.  So, in the case of Schafer v. Roberts, 166 Mo. App. l. c. 84, 148 S. W. 393, the question of attorney fees arose under the attachment law and not under the statutes referred to in the case at bar.  In the case of Whitsett v. Wamack, 95 Mo. App. 296, 69 S. W. 24, the question involved was concerning an allowance to the guardian *ad litem* in a partition suit, and the question before us was not raised in that case, although some of the language used in the opinion, which was purely *obiter,* would seem to be contrary to our ruling.  However, it seems to us that the court in that case went further in construing the statute so as to make an allowance for the guardian *ad litem* than it is necessary for us to go in this case to allow the attorney's fee, and the ruling in that case on that question is approved by us, and was probably made on the broad ground which courts should take in holding that where valuable services have been rendered which had been accepted and the benefits thereof received, it is the duty of the court

to so construe the law as to conform to natural justice as nearly as possible.

As to the second contention, it may be merely noted that the showing made, to-wit, that the property was worth $24,000, that the desired result. had been accomplished, and that an attorney's fee of $720 had been allowed, would certainly be sufficient, and one which does not prompt us to hold that the discretionary power of the court was abused. Besides, the only testimony introduced concerning the value of the services was that of the two members of the Jasper county bar whose standing as lawyers and business men was unquestioned and known to the trial judge, and as the amount fixed by the trial judge was less than two-thirds of that fixed by them as a reasonable fee, we hold that the trial court was amply justified in the amount of the allowance made.

It follows from what has been said that the action of the circuit court should be affirmed, and it is so ordered. *Robertson, P. J.,* and *Sturgis, J.,* concur.