ESTHER FOESTE, PLAINTIFF-APPELLANT, v. MABEL FOESTE KEESEE, FRED FOESTE, MONROE FOESTE, SANNIE FOESTE FORNKAHL, BESSIE FOESTE, ELMER FOESTE, CLAUDE FOESTE, JACKIE FOESTE AND EVELYN FOESTE, DEFENDANTS-RESPONDENTS; VANDIVORT-SCHRADER ABSTRACT COMPANY, CAPE COUNTY POST, FRED HARTLE, G. L. HEYDE, J. GRANT FRYE, AND ESTHER FOESTE, APPELLANTS; JOHN McWILLIAMS, ADMINISTRATOR OF THE ESTATE OF CHRIST FOESTE, DECEASED, INTERVENOR-RESPONDENT.—138 S. W. (2d) 700.

St. Louis Court of Appeals. Opinion filed April 2, 1940.

522

*R. P. Smith* for respondent.

*J. Grant Frye* for appellants.

HUGHES, P. J.—This is an appeal from an order of distribution of the Cape Girardeau County Circuit Court in a partition proceeding wherein the entire proceeds of the sale in partition were ordered paid to the administrator of the estate of Christ Foeste, deceased, for the purpose of paying debts of the estate, the lands having descended to the plaintiff and the defendants as the widow and heirs of said Christ Foeste. By leave of court the administrator of the estate of Christ Foeste, deceased, filed what is termed an intervening petition, claiming the proceeds in the event of a sale of the land, to discharge debts and demands.

The only question for review is set out in appellant's assignment of error as follows: "The court erred in ordering the proceeds of the sale of the land in partition to be turned over in full to the administrator of the estate of Christ Foeste to be administered by the probate court, without first ordering paid the actual costs and expenses in the circuit court, including such items as the sheriff's fees, the clerk's fees, the abstract fees, the publication fees, and the attorney's fees allowed and approved by the court in the partition proceedings."

No question is raised as to the propriety or amount of the costs and expenses or the authority of the court to allow them and order that they be taxed as costs; the sole question being the authority of the trial court to order that the full amount realized from the sale of the land involved be paid to the administrator without first paying therefrom the costs of the partition proceeding.

Circuit courts have jurisdiction to order partition of real estate, and partition may be had before the final settlement of the estate to the demands of which the land partitioned may be subject, and where partition is begun in the circuit court that court takes exclusive jurisdiction over the real estate. [Daldine et al. v. DeHart, 239 S. W. 112.]

It is provided by section 1558, Revised Statutes 1929, that where the lands have descended to the parties in interest and the estate from which the same has descended has not been finally settled and all claims against it fully dischargd, "the proceeds of sale" in cases where sale has been ordered, shall remain and be subject to the claims against the same. Therefore, the real question presented here is, what is meant by "the proceeds of sale?" Does it mean the gross proceeds received by the sheriff from the sale of the lands, or does it mean the net proceeds after payment of the costs and expenses in the partition proceeding? That question is answered by section 1590, Revised Statutes 1929, as follows:

"The court shall direct the payment by the sheriff of all the costs and expenses of the proceedings, together with the present value of any dower interest, to the parties entitled thereto, and the remainder

to the parties in interest, their guardians or legal representatives, according to their respective rights, as ascertained by the judgment of the court.''

It is very unfortunate that the costs and expenses were so great in this case, especially in view of the fact that the total amount received from the sale of the property is less than would be required by the administrator in order to pay all claims and make final settlement of the estate. However, there is no criticism of the amount of costs or that they were not properly taxed in this case, and presumably they were proper costs and expenses of the proceedings.

If the circuit court acquired jurisdiction to hear and determine the partition proceeding, and that it did was not questioned, then it had authority to allow and tax as costs all proper costs and expenses in the case, and it was the duty of the court to direct the payment by the sheriff of all costs and expenses of the proceeding, and that the remainder, the net proceeds, be paid to the administrator.

In the case of Young v. Young et al., 175 S. W. 585, the interlocutory judgment of the trial court contained this provision: ''That the costs and expenses herein be deducted from the proceeds of said sale, and the net proceeds be thereafter distributed as this court shall direct,'' and one of the parties appealed. The Supreme Court said:

''When that portion of the interlocutory decree complained of was entered of record, the court had fully determined the ultimate rights and interests of the respective parties in the subject-matter of the litigation, but it had not then determined what costs, expenses, commissions, attorney's fees, etc., were to be allowed. Hence the net proceeds are to be distributed between the parties aforesaid according to their respective interests, *after* the trial court has ordered or directed what costs, expenses, etc., should be paid out of the gross amount.''

When an interlocutory judgment in partition is rendered no one can tell the amount that will be realized from a sale of the property, and where there is no charge of the suit being vexatious or improperly instituted, and unfortunately the land does not bring sufficient amount to pay a secured debt against the land, or the claims allowed in the probate court against the estate from which it is descended, it will not do to say the costs of the proceeding are not to be paid at all. That is exactly what would result in this case were respondent's contention correct.

Costs in a partition proceeding are to be taxed under the provisions of a special statute section 1258, Revised Statutes 1929, wherein it is provided:

''If the lands, or any part thereof, be sold in partition then the

costs adjudged against the party or parties whose interest shall be sold shall be paid out of the proceeds of such sale.''

There is no merit to respondent's suggestion that the plaintiff can be held liable for the costs on the theory that she instituted the suit with full knowledge that there was no equity in the real estate sufficient to partition. Such issue was not raised in the case. That contention is fully answered in the case of Jennings v. Jennings, 33 S. W. (2d) 65, 225 Mo. App. 1010, wherein the court said: ''There was no objection of any character made to the interlocutory decree of partition and appellant did not raise any question in reference to same in his motion for a new trial. Under the circumstances it can be fairly said that the matter of plaintiff's right to partition was not an issue. [Davidson v. Transit Co., 211 Mo. 325, 355-361, 109 S. W. 583.] There is no question but that plaintiff prevailed on the issue of partition. We have examined the case of Appleman v. Appleman, 140 Mo. 309, 41 S. W. 794, 62 Am. St. Rep. 732, cited by the appellant and find it not in point. In that case the costs were taxed against the plaintiff because he lost the suit, it being held that he had no interest in the land subject to partition. [See Connor Realty Co. v. Trust Co., 176 Mo. App. 260, 267, 161 S. W. 865.]''

The issues in the Jennings case were very similar to the issues in this case. In that case the holder of a deed of trust securing a note for an amount in excess of the amount the property sold for at the partition sale, objected to the allowance and taxing as costs of a fee for plaintiff's attorney, and the Kansas City Court of Appeals said: ''It is insisted that where real estate is subject to a mortgage or deed of trust and the land is sold at partition sale free from the mortgage, the mortgagee must be paid before deducting the costs, including attorney's fees, and that the effect of allowing costs and attorney's fees in this case to be paid out of the proceeds of the sale of the property is to require appellant to pay such costs as the proceeds of the sale were less than his mortgage. In support of this contention appellant cites a number of foreign cases and some Encyclopedias (see 21 Am. and Eng. Ency. of Law, p. 1213; 47 C. J., pp. 603, 608) which tend to support him but none of these authorities purport to construe a statute similar to ours and none of them cite any Missouri case as authority for its statement of the law in respect to the matter.''

We are of the opinion that the trial court was in error in directing that the gross proceeds from the sale of the land involved be paid to the administrator, without first directing that all proper costs and expenses of the partition proceeding be first paid.

The case is ordered reversed and remanded with directions to the trial court to amend the order of distribution in accordance herewith. *Becker* and *McCullen, JJ.,* concur.