# DAVID ADLER AND SONS CLOTHING COMPANY v. CORL, Appellant.

### Division One, March 14, 1900.

1. **Usury Act: CONSTITUTIONAL.** The act of 1891, providing that usury may be pleaded as a defense in civil actions, is constitutional.

2. **Usurious Contract.** A contract tainted with usury is not void. The courts can not add a penalty, as a consequence of an usurious transaction, to those which the statutes prescribe.

3. **Usurious Note and Mortgage: ATTACHMENT.** The giving of a mortgage or deed of trust to secure a note bearing usurious interest, or upon which usurious interest has been paid, is not such a fraudulent disposition of one's property as to render him subject to be sued by attachment.

Appeal from Jasper Circuit Court.—*Hon. Jos. D. Perkins,* Judge.

REVERSED AND REMANDED (*with directions*).

*Hugh Dabbs* and *Frank L. Forlow* for appellant.

(1) In this case the action of the circuit court in refusing the defendant's declaration of law and in giving the peremptory instruction on behalf of plaintiff in the trial of said cause on the issue joined on the plea in abatement can only be justified on one theory, and that is, that of usury in the transaction. This is no ground under our statute unless the very fact that claims of that kind are of themselves fraudulent conveyances. (2) Even though the defendant had at one time paid to the bank more than the legal rate of interest in executing the chattel deed of trust to her trustee, she only provided to pay them the actual loan and the new contract was not usurious in itself nor based upon any usurious interest. Smith v. Stoddard, 10 Mich. 148. (a) The

execution creditor does not stand in a position to interpose usury to the destruction of the instrument. Beasley v. Hornier, 42 Wis. 631; Lee v. Teamster, 21 W. Va. 108. (b) The defense of usury can be set up only by the principal debtor or by his sureties, heirs, devisees or personal representatives. Billington v. Wagoner, 32 N. Y. 31; Railroad v. Casson, 37 N. Y. 218; Leman v. Marshall, 47 Ala. 362; Hough v. Horsey, 36 Mich. 181. (3) It is not a fraud upon creditors for a debtor to provide for the payment of a usurious debt. Waite on Fraud. Conv. (3 Ed.), sec. 286; Chapin v. Thompson, 89 N. Y. 271; Murray v. Judson, 9 N. Y. 73; Burrill on Assignment (6 Ed.), sec. 83; Livermore v. Northup, 44 N. Y. 167; Busby v. Firm, 1 Ohio St. 409; Wright v. Clapp, 28 Hun. 7; Matter v. Thompson, 30 Hun. 195; Pennington v. Woodall, 17 Ala. 685; Martin v. Hall, 9 Gratt. 8. (4) The defendant voluntarily paid any interest required by the banks and she could not recover it back and it is now too late for the creditors to take advantage of it and especially to now claim that it constitutes grounds for attachment. Ransom v. Hayes, 39 Mo. 445; Stillwell v. Aaron, 69 Mo. 539; Livingston v. Buston, 44 Mo. App. 272; Peters v. Lowenstein, 44 Mo. App. 409.

*McReynolds & Halliburton* for respondent.

(1) The chattel deed of trusts were invalid and illegal. Laws 1891, pp. 170 and 171; American Rubber Co. v. Wilson, 55 Mo. App. 659; Smith v. Mohr, 64 Mo. App. 39. (2) These mortgages, being absolutely void as to the banks and contracts to do an illegal act, a stranger may raise the objection. Bishop on Contracts, sec. 155, note 6. (3) An attaching creditor of a mortgagor is a privy in estate and can take the benefit of the statute on the effect of usury, and attack the mortgage. American Rubber Co. v. Wilson, 55 Mo. App. 659; Jones on Mortg., secs. 644, 1493; Sands v.

Church, 2 Selden 347; Bank v. Lanfrom, 86 Ill. 513; Bank v. Bank, 123 Ill. 510; Loyd v. Scott, 4 Peters 205; Green v. Kemp, 13 Mass. 575; Jackson v. Dominick, 14 Johns. 435; Merchant's Ex. Bank v. Com. Warehouse, 49 N. Y. 642. (4) The mortgages, being fair on their face as to the banks, seem to be a valid conveyance. The evidence outside shows them to be void so far as the banks are concerned. They therefore make a false showing of the title to defendant's property, the effect of which is to hinder and delay creditors, and is therefore fraudulent as to plaintiff and will sustain attachment. Waite on Fraud. Conv. (2 Ed.), secs. 8, 9, 10; Reed v. Pelleiter, 28 Mo. 177; Donnell v. Byern, 69 Mo. 468; White v. Graves, 68 Mo. 218; Farmers & Traders Bank v. Harrison, 57 Mo. 508; Bullene v. Barrett, 87 Mo. 191; Bigelow v. Stringer, 40 Mo. 206; Snyder v. Free, 114 Mo. 376; Bank v. Powers, 134 Mo. 446; Pattison v. Letton, 56 Mo. App. 325; Kennedy v. Dodson, 44 Mo. App. 550. (5) Where a statute prohibits an act, any contract made respecting it, is illegal as well as void and no evasion will be permitted. Endlich on Interp. of Statutes, pp. 193, 641; 9 Am. and Eng. Ency. of Law, 880; 1 Addison on Contracts, sec. 265. (6) These mortgages for the benefit of the banks come under the same rule that applies in case of an unrecorded mortgage of personal property and have the same effect as to creditors, that is they are fraudulent and void. R. S. 1889, sec. 5176; Bevans v. Bolton, 31 Mo. 437; Collins v. Wilhoit, 108 Mo. 458; Bank v. Powers, 134 Mo. 446; White v. Grave, 68 Mo. 218. (7) In determining whether an instrument is of such character as to support attachment, the intent or motive which prompted the conveyance is immaterial; it is the legal effect of the deed which makes it valid or fraudulent. The mortgages as to the bank's debts were invalid, the effect was to hinder or delay creditors. Potter v. McDowell, 31 Mo. 62; Field v. Liverman, 17 Mo. 218; Kritzer v. Smith, 21 Mo. 296; Douglass v. Cissna, 17

Mo. App. 44; Noyes v. Cunningham, 51 Mo. App. 194; Gens v. Hargadine, 56 Mo. App. 245; Glacier v. Walker, 69 Mo. App. 288.

VALLIANT, J.— Plaintiff brought suit by attachment against defendant on claims aggregating $1,136. There were several grounds of attachment stated in the affidavit, among them that defendant had fraudulently disposed of her property with intent, etc. Defendant filed a plea in abatement to the attachment and an answer to the petition on its merits. Upon a trial on the plea in abatement there was a verdict for plaintiff, and on a trial on the merits there was also a finding and judgment for the plaintiff for the amount of its claim.

The evidence on the part of the plaintiff tended to prove that defendant, who was a merchant, had given deeds of trust on her stock in trade to certain banks in Joplin and Webb City to secure notes of hers which the banks respectively had discounted and at the date of the deeds still held; that in discounting the notes the banks had charged and received a rate of one per cent a month, and during the time they carried the loans, from the date of the notes up to the date of the deeds, which was several months, the defendant had paid them interest at that rate. The deeds of trust however seem to have been given for the face principal of the notes without interest. Upon this evidence the court instructed the jury to find for the plaintiff on the plea in abatement. The defendant asked instructions to the effect that giving a deed of trust to secure a note upon which the payee had exacted and received usurious interest was not a fraudulent disposition of property, within the meaning of the statutes in relation to attachments, and also that the statute concerning usury approved April 21, 1891 (Laws 1891, p. 171), was invalid because in violation of certain provisions of the Constitution specified. The court refused these instructions. Exceptions were duly preserved and the cause is here on de-

fendant's appeal in due course of procedure. Appellant has filed an abstract of the record and an assignment of errors among which is included the refusal of the instructions asked by defendant.

Thus a question as to the constitutionality of the statute was presented in tangible form in the circuit court, and is in the record here, and gives this court jurisdiction.

The record presents two questions for our consideration:

First: Is the Act entitled "An Act providing that usury may be pleaded as a defense in civil actions," etc., approved April 21, 1891, invalid as in violation of any provision of the Constitution of this State?

Second: Is the giving of a mortgage or deed of trust to secure a note bearing usurious interest, or upon which usurious interest has been paid, a fraudulent disposition of one's property so as to render him subject to be sued by attachment?

I. The question relating to the constitutionality of the Act of 1891 in relation to usury, has so recently been decided by this court, that it is only necessary now to refer to that decision as settling the question here. Kriebohm v. Yancey, 154 Mo. 67. The question was then carefully considered and in an elaborate opinion by BRACE, P. J., the history and development of the law of usury was shown and the unquestionable validity of the statute demonstrated. The act is constitutional.

II. Upon reading the opinion in the case just cited, it will be seen that the right to take interest, the limitation on that right, and the consequences arising upon its use or abuse are matters of purely statutory enactment, and therefore all questions as to rights and liabilities are to find their answer in the letter or meaning of the statute.

Whilst usurious exactions have always been regarded with disfavor, yet they have been classed as extortions rather

than frauds. The Supreme Court of New York said: "Usury involves no particular moral turpitude. It consists in the violation of a statute forbidding the taking of more than seven per cent on the loan and forbearance of money. There is no special appropriateness in terming such an agreement corrupt, in a civil action. Odious as the taking of usury has ever been, in the scale of crime the offense is merely *malum prohibitum*—not *malum in se*." [Hall v. Earnest, 36 Barb. loc. cit. 588.]

A contract tainted with fraud is void, and courts will not enforce it, but a contract tainted with usury is not void, and courts will enforce them, first stripping them of the usury. [Ferguson v. Soden, 111 Mo. 208.] Even a court of equity will not grant relief against a usurious contract until the party seeking its aid pays what is justly due less the usury. [1 Story Eq. Jurp. (12 Ed.), sec. 301.] And until the act of 1891, one who voluntarily paid usurious interest could not recover it back or plead it in part payment of the principal. [Ransom v. Hays, 39 Mo. 445; Rutherford v. Williams, 42 Mo. 18.]

In Farmers & T. Bank v. Harrison, 57 Mo. 503, loc. cit. 509, referring to statutes declaring usurious contracts void, the court say: "We have in Missouri no such legislative acts. The 'iniquity' of an usurious loan has long since disappeared from our jurisprudence, except as to the excess above the authorized rate of interest. Even in courts of equity everywhere—which are considered as the purest tribunals—when usury is established, the contract will be enforced for the sum loaned, and the borrower compelled to pay it back. The United States Supreme Court (4 Pet. 205) says, that 'usury is now only considered an illegal or immoral act, because it is prohibited by law.' Says another authority: 'Usury has now ceased to be a crime. It is unlawful to the extent that it is made so by statute, and no further.' 7 How. (Miss.) 535. It would seem, then, that

the measure of illegality or immorality, is the extent of the prohibition. And that applies not to the loan, in which there is no moral vice, but only to the forbidden excess of interest."

In Oates v. National Bank, 100 U. S. loc. cit. 249, the question was, could the bank be held to be a *bona fide* holder of a note that had been assigned to it as collateral to secure a usurious loan; the court said: "The statute under which the bank was organized, known as the National Banking Act, does not declare the contract, under which the usurious interest is paid, to be void. It denounces no penalty other than the forfeiture of the interest which the note or bill carries, giving to the debtor the right to sue for and recover twice the amount of the interest so paid. If we should declare the contract of indorsement void, and, consequently, that no right of action passed to the bank on the note transferred as collateral security, an additional penalty would thus be added beyond those imposed by the law itself. 'On what principle could this court add another to the penalties declared by the law itself?' "

The foregoing cases are cited to sustain two propositions, viz.: first, that the law does not regard a contract immoral or fraudulent simply because it is tainted with usury; second, the courts can add no penalty, as a consequence of an usurious transaction, to those which the Legislature has prescribed.

Under the statutes of this State, as they now are, the penalties to which the usurer is liable are:

1st. A forfeiture to the school fund of all interest on a judgment rendered on such contract in his favor; 2d, a judgment against him for costs in a suit on such a contract; 3d, the borrower may have as a defense *pro tanto* against the principal debt, whatever usurious interest he may have already paid thereon; 4th, if a mortgage or other lien on personal property be given to secure such a debt, it is to be

adjudged invalid and illegal in the hands of the person receiving the usury.   To these penalties which the Legislature has prescribed, the plaintiff in this case asks the court to add that when a debtor gives a chattel mortgage to secure a debt on which he has paid or agreed to pay usurious interest, he shall be deemed to have thereby made a fraudulent disposition of his property, with intent to hinder, delay and defraud his creditors, and render him liable to be sued by attachment. If we should so declare we could not stop with that declaration, but would have to go further.   Giving a mortgage to secure usury is not worse than paying usury, and if to give such a mortgage renders a man liable to attachment, then to pay an usurious rate to have a note discounted would also render him liable to attachment.   We can not lay down the rule for the one act unless we apply it to the other also.   If it be said that there is a difference, and that that difference consists in the fact that the statute pronounces a penalty on the mortgage, but none on the paying of usury, the answer is that the penalty pronounced by the statute is not that the borrower shall be subject to attachment as for a fraudulent disposition of his property, and the court can not add a penalty to that imposed by the statute.   There was no evidence offered in this case to support the attachment except that tending to show that the defendant had given chattel mortgages to secure debts on which she had paid usurious interest.   That was no evidence at all in support of the attachment.   The court should have instructed the jury to find for the defendant on the plea in abatement.

III.   There was a trial of the cause on its merits, and a finding and judgment for the plaintiff, and although the defendant's appeal seems to cover the whole case, yet in his brief the appellant's counsel suggests no error in that branch of the case, and as he has pointed out none, we will presume there is none.

The judgment of the circuit court is reversed, and the

cause remanded to that court with directions to enter judgment for the defendant on the issues joined on her plea in abatement, dissolving the attachment, and to enter judgment for the plaintiff according to the court's finding on the merits on the trial on May 3, 1897.

All concur, except *Robinson, J.*, absent.