THOMAS WARD McMANUS, Appellant, v. CAMILLA S. W. BURROWS et al., Defendants; H. C. GRENNER, Respondent.

St. Louis Court of Appeals, June 8, 1915.

1. **COSTS: Interest.** Court costs, using the term "costs" in its technical sense, do not bear or draw interest.

2. **PARTITION: Allowances to Commissioners: Interest.** Allowances to commissioners in a partition suit, for their services, are within Sec. 7181, R. S. 1909, which provides that interest shall be allowed on money due on any judgment from the day of rendering the same until payment, and such allowances draw interest until paid, although the judgment making the allowances does not state expressly that they shall bear interest.

3. EXECUTIONS: Alias and Pluries Writs. The right to alias and pluries writs of execution has always been recognized in this State, notwithstanding there is no statute granting it.

4. ————: Partition: Allowances to Commissioners: Right to Execution. The fact that attorneys in a partition suit obtained an execution for their services against one of the parties adjudged to pay the same and that the execution was returned satisfied, did not affect the right of a commissioner to obtain an execution for the balance due on the amount awarded him as compensation for his services, against another of the parties, who was adjudged to pay the same.

5. ATTORNEY AND CLIENT: Authority of Attorney. The acts of an attorney in representing one client do not bind another client for whom he was not acting at the time.

Appeal from St. Louis City Circuit Court.—*Hon. Leo. S. Rassieur*, Judge.

AFFIRMED.

*T. J. Rowe, Thos. J. Rowe, Jr.,* and *Henry Rowe* for appellant.

(1) Under the pronouncement of the Supreme Court of this State in the case of McManus v. Burrows, 246 Mo. 438, to the effect that execution number 94, December term, 1908, is in conformity with the judgment, unexceptionable and valid, the payment by appellant of all the. costs in said execution itemized as payable by him, on the 24th day of December, 1912, constituted a full and complete satisfaction of his judgment indebtedness; and execution number 114, April term, 1913, is without warrant or authority of law and is a nullity. (2) Execution number 85, February term, 1913, issued by order of Robert M. Nichols in favor of himself and Sim T. Price and against Matthew Park, Trustee, with its return of satisfaction, is preclusive of the rights of the several parties originally entitled thereto to have further execution; hence execution number 114, April term, 1913, is a

mere nullity.   McManus v. Burrows, 246 Mo. 438.   (3)
Execution number 114, April term, 1913, is unauthorized by the decree, not in conformity therewith and null
and void.   McManus v. Burrows, supra; Freeman on
Executions, sec. 42, pp. 64, 65; Zelle v. Bobb, 14 Mo.
App. 267; Bain v. Chrisman, 27 Mo. 293; Coe v. Ritter,
86 Mo. 287; Maloney v. Association, 57 Mo. App. 384.
(4)   Fees of commissioners and others in partition,
ordered taxed as costs, while collectible by execution
against the allotments of the several partitioners, are
not such general orders or judgments as are contemplated by the statute and do not bear interest.   Sec.
7181, R. S. 1909; Jones v. Trust Co., 105 S. W. 328.
For cases on the allowance of interest see also: Bradley & Co. v. Asher, 65 Mo. App. 589; Adler & Sons
Clothing Co. v. Corl, 155 Mo. 149; Railroad v. Knapp,
Stout & Co., 160 Mo. 396; State v. Slaughter, 70 Mo.
484; State v. Boogher, 71 Mo. 631.

*R. M. Nichols* for respondent.

(1)   The judgment herein has been declared to be
a judgment, and consequently under the statute must
bear interst, but if it were a mere "order" it would
under the statute bear interest.   McManus v. Burrows, 246 Mo. 438; Padley v. Catterlin, 64 Mo. App.
629; Kennedy Estate, 94 Cal. 22, 29 Pac. 412; Hayden
v. Heffernan, 99 Mich. 262, 29 N. W. 57; Ritchey v.
Carpenter, 2 Wash. 512, 28 Pac. 380; Bates v. Wilson,
18 Cal. 287, 32 Pac. 615; Carver v. Mayfield, 29 Tex.
Civ. App. 439; Santa Clara Valley v. Prescott, 238 Ill.
625, 87 N. E. 852; Watson v. McManus, 223 Pa. 583,
72 Atl. 1066; Daggs v. Bolton, 6 Ariz. 370, 57 Pac.
611; Smith v. Smith, 115 Pac. 166 (Wash. 1911); Keifer v. Summers, 137 Ind. 106, 35 N. E. 1103, 36 N. E.
894; Mann v. Poole, 48 S. Car. 154, 25 S. E. 229; Baum
v. Reed, 74 Pa. St. 320; Washington v. Denton, etc.,
Bank, 64 Tex. 4; Tit. "Interest," 22 Cyc. 1521.   (2)

Interest at six percent per annum is a part of any judgment or order of any court in this state; it is given by the statute in a contractual sense and by way of compensation for delay in payment. Realty Co. v. Insurance Co., 179 Mo. App. 138; R. S. 1909, secs. 7179, 7181; Devlin v. New York, 131 N. Y. 123, 30 N. E. 45; Smith v. Buffalo, 39 N. Y. S. 881; Hobbs v. United States, 19 Court of Claims 220; Natl. Bank v. Mechanics Natl. Bank, 94 U. S. 437, 24 L. Ed. 176; Re John Osborne's Sons & Co., 100 C. C. A. 392, 117 Fed. 184; Bowen v. Minneapolis, 47 Minn. 119, 59 N. W. 683. (3) The interest accruing or accrued upon a judgment, being contractual and directed by the statute, becomes a part of the debt, and the acceptance of the principal, if such were the case, is no obstacle to a recovery of the iterest. Martin's Ex. v. St. Louis, 139 Mo. 246; Hanson v. Crawford, 130 Mo. App. 232; Casualty Co. v. Mesker, 128 Mo. App. 183; Johnson v. Tuttle, 17 Abb. Pr. 315; Re Osborne's Sons & Co., 100 C. C. A. 392, 177 Fed. 184; Bennett v. Federal C. & C. Co. (W. Va.), 74 S. E. 418; Henderson Cotton Mfg. Co. v. Lowell Mch. Shops, 86 Ky. 668, 7 S. W. 142; Hobbs v. U. S., 19 Ct. of Claims 220; Natl. Bank v. Mech. Natl. Bank, 95 U. S. 432, 25 L. Ed. 176; Beer v. Foakes, L. R. 11 Q. B. Div. 221, 1 Eng. R. C. 370.

REYNOLDS, P. J.—This is an appeal from an order of the circuit court of the city of St. Louis, overruling a motion to quash an execution, the execution referred to being number 114, returnable to the April, 1913, term of the circuit court. It purports to have been issued on a judgment rendered in an action for partition in which one Thomas Ward McManus was plaintiff and Camilla Burrows and Matthew Park, as trustees, were defendants. The original execution was number 94, returnable to the December, 1908, term of the court. A motion to quash this execution number 94 was made and overruled and from that action the

plaintiff McManus appealed to the Supreme Court. Upon that appeal being taken the sheriff returned the execution "unexecuted and unsatisfied," an appeal bond having been filed. The Supreme Court affirmed the action of the circuit court in an opinion filed December 10, 1912. [See McManus v. Burrows et al., defts; Price et al., resps., 246 Mo. 438, 152 S. W. 3.]

On December 24, 1912, as appears by the receipt of the clerk, Mr. McManus paid to the latter $7824.55 "for costs in the above entitled cause," as the receipt reads. This is apparently made up of one-half the allowances to the commissioners, the Title Company, the surveyor, and the court costs proper. The mandate of the Supreme Court following the above decision was filed in the circuit court December 31, 1912. It was admitted that on a date not named, but before the issue of the execution now in question, number 114, the clerk paid Mr. Grenner $2500, one-half of the $5000 allowance adjudged against Mr. McManus. In this execution number 114, after reciting the judgment in partition, as in execution number 94, it is set out that Camilla Burrows and Matthew Park, trustee, have respectively paid one-sixth and two-sixths of all the court costs, commissioners' fees and attorneys' fees and fees allowed to the Title Guaranty Trust Company and to the surveyor mentioned, and that Thomas Ward McManus has paid one-half of the attorneys' fees, one-half of the fee allowed to the Title Guaranty Trust Company, one-half the fee allowed to the surveyor, and one-half the court costs, and that on December 24, 1912, he (McManus) paid into the hands of the clerk of the court $7500, as one-half of the commissioners' fees awarded to the commissioners Gerhart, Grenner and Trembley. The execution then proceeds: "Now, therefore, this is to command you that of the goods, chattels and real estate awarded to the said Thomas Ward McManus by the commissioners' report filed in said cause, you cause to be made the sum of $675, be-

ing the interest upon the sum of $2500, so ordered to be paid by the said Thomas Ward McManus from the 23rd day of June, 1908, to the 24th day of December, 1912, at the rate of six per cent per annum.'' This $2500, for interest whereon this execution was issued against Mr. McManus, is apparently one-half of the $5000 awarded Mr. Grenner as commissioner. There is no evidence in the case as to any facts attendant upon the payment of this $2500 to Mr. Grenner; whether he gave a receipt for it, took it as a partial payment or demanded more at the time, either by way of principal or interest, does not appear.

The judgment in partition, which also awarded and taxed up costs to the commissioners and others, was rendered on June 23, 1908; and Mr. McManus paid the clerk of the court the $7824.55 on December 24, 1912, so that the interest for which this execution number 114 was issued, is for the intervening period.

The question here involved is over the liability of Mr. McManus to pay this interest. The trial court found that interest was due and, overruling the motion to quash and recall this execution number 114, the plaintiff (McManus), saving his exception, has duly appealed to our court.

Learned counsel for appellant here make four points in support of their contention against this action of the circuit court.

The first point made is that under the ruling of the Supreme Court in the McManus case, supra, to the effect that execution number 94, the execution returnable to the December term, 1908, is in conformity with the judgment and is unexceptionable and valid, that the payment, on December 24, 1912, by appellant of all the costs as set out in that execution constituted a full and complete satisfaction of his judgment indebtedness, and that the execution here involved is without warrant or authority of law and a nullity.

The second point made is that execution number 85, returnable to the February term, 1913, and issued by order of one of the attorneys in the case in favor of himself and his associate and against Park as the trustee, which was returned satisfied, is preclusive of the rights of the several parties originally entitled thereto to have further execution.

The third point made is that this execution number 114, now involved, is unauthorized by the decree, is not in conformity therewith and null and void.

The final and fourth proposition is that orders that fees of commissioners and others in partition be taxed as costs, while making such fees and allowances collectible by execution against the allotment of the several partitioners, are not such general orders or judgments as are contemplated by the statute and do not bear interest. This latter point is really the crucial point in the case, and we will consider it first.

That court costs, using the term "costs" in its technical sense, do not bear or draw interest, is, we think, the unchallenged and unquestioned law and practice in our State; not by positive law but, as far as we are aware, accepted as the law in this State. The application of that rule here, however, is the question; that is, whether these allowances to the commissioners for their services in partition are to be treated as ordinary court costs. We hold that this proposition is settled adversely to the claim of the appellant by what is said by our Supreme Court in the McManus case, supra. There, at page 443, it is said, referring to the judgment in partition being against the partitioners and in favor of those to whom allowances are made:

"Those in whose favor these allowances or costs are adjudged in cases of this kind are, under the special statute (Revised Statutes 1909, section 2279), entitled to control the judgment therefor in their favor and, for that matter, would seem to be as much 'parties'

to the judgment in their favor as any other who se-
cures a money judgment. Their relation to the judg-
ment is very different from that of the court official
entitled to fees accruing in connection with an ordi-
nary action and whose rights with respect to collect-
ing his fees or costs are defined by a wholly different
statute."

As we understand it, the effect of this holding of
our Supreme Court, is, to make these commissioners
and others who are awarded compensation for their
services practically judgment creditors; parties en-
titled to make their judgment as any other parties to
the record. As to all such our statute (sec. 7181, Re-
vised Statutes 1909) provides: "Interest shall be al-
lowed on all money due upon any judgment or order
of any court, from the day of rendering the same un-
til satisfaction be made by payment, accord or sale of
property."

Learned counsel for appellant refer us to Bradley,
Wheeler & Co. v. Asher, 65 Mo. App. 589; Adler & Sons
Clothing Co. v. Corl, 155 Mo. 149, 55 S. W. 1017; St.
Louis, Keokuk & Northwestern Ry. Co. v. Knapp-
Stout & Company, 160 Mo. 396, 61 S. W. 300, and other
decisions of our courts, in support of their proposition
that orders allowing fees to commissioners and the
like are not such general orders and judgments as are
in contemplation of our statute (section 7181, supra),
and hence do not bear interest.

While in most, if not all, of these cases it is held
that interest is the creature of the statute (referring
to what is now section 7179, Revised Statutes 1909),
we find none of them in point as covering the matter of
interest on allowances made to commissioners in parti-
tion or like allowances.

In St. Louis, Keokuk & Northwestern Ry. Co. v.
Knapp-Stout & Company, supra, cited by counsel for
appellant in support of their claim that interest is not
allowable unless given by statute, the plaintiff railway

company brought a condemnation proceeding and paid into court, as provided by statute, the amount of damages awarded the landowner, who, as allowed by statute, drew this down. The railway company, on a trial before a jury in the condemnation proceedings, was cast in a less sum. Our Supreme Court held that under this state of facts plaintiff was not entitled to interest on the excess of the first award over the final award. That presents no parallel to and is no authority in the case at bar.

Nor is it accurate to say that we can only look to section 7179, Revised Statutes, 1909, as imposing liability for interest. That is only partly true, for as we have seen, section 7181 provides for interest on money due upon "any judgment or order of any court." This is the section that is to be applied here, not section 7179.

The case most strongly relied upon, however, by learned counsel, referred to by them as "a case directly in point," and by which, as those counsel say, they "are happily afforded an authority peculiarly germane to the controversy herein," is that of Jones v. United States & Mexican Trust Co., 47 Tex. Civ. App. 430, 105 S. W. 328. Counsel quote very fully from the opinion in that case. On a very careful examination of the facts in decision in this case, we are compelled to say that we do not think it sustains the learned counsel. The facts are different from those in the case at bar. There Jones, the plaintiff and appellant, was the receiver of a railway, to whom in the course of his receivership and in his favor the court made an allowance of $10,000, and directed that it be classed as court costs, the court further ordering that this allowance should be held superior to the mortgage bonds and that the receiver pay it out of any money he might have on hand. The Texas Court of Civil Appeals held that under the statute and practice in the Texas courts allowances to this receiver stood as other

court costs, the court saying of the allowance to a receiver (l. c. 433, Tex. Civ. App. 329 S. W.): "The compensation thus allowed him is classed as court costs, and is in the same group with the fees of the sheriff and clerk of the court." Our Supreme Court, in the McManus case, supra, as we have seen, distinguishes them from ordinary court costs. So we cannot accept it as controlling on the very important and material point.

As another ground for refusing allowance for interest, the Texas court held that this was an allowance "on account," made before the receivership was completed and was not an allowance in full for all the compensation which might be made to the receiver. Finally, and as conclusive, the Texas court held that it appeared by the testimony in the case that the receiver had sufficient funds in his hands, as receiver, belonging to the class out of which his allowance was payable and which he had not seen fit to apply to the payment of his allowance, and that not having done so, he could not now charge the fund in his hands with interest. This is the real point in decision, as set out in the syllabus to the case, which reads thus:

"A receiver of a railway was not entitled to interest on the amount allowed him by order of the court as compensation for his services and to meet which he had funds on hand authorized by the order to be so used, but to provide for the emergencies of the business he had used them to improve the property, thereby postponing his own payment."

This, indeed, is the only syllabus of the case as given in the official report. Hence we must conclude, the insistence of learned counsel for appellant to the contrary, that the decision in the Jones case, supra, is not in accordance with our Supreme Court on the classification of these awards, as being of like character as costs awarded the clerk and sheriff, and on its facts it is inapplicable to the facts here.

Turning to the decisions in our own State and to those in other jurisdictions, we find the weight of authority in support of the proposition that this allowance or judgment in favor of these commissioners bears interest from the date of the rendition of the judgment allowing it. Among other cases see Martin, Exec. v. St. Louis, 139 Mo. 246, 41 S. W. 231. In that case, a condemnation proceeding, title of the owner of the ground was vested in the city upon the payment by the city of the sum of money awarded to the owner by the commissioners and approved by the court and municipal assembly. Our Supreme Court held that that constituted a judgment or order of the court for the payment of money; that such orders in condemnation proceedings have been placed on the footing of judgments for all practical purposes, and that all the attributes of a judgment are ascribed to such orders in the application of Statutes of Limitation, the right of appeal, and when attacked collaterally. Says the court: "Why should the right to bear interest alone be denied? We can find no sufficient reason why they should not."

In National Bank v. Mechanics Bank, 94 U. S. 437, a suit for interest on sums in the hands of the receiver of a national bank, it was held (l. c. 439) that interest lawfully accruing upon each of the claims was as much a part of the claim or debt as the original debt; that the creditor had the same right to the payment of one as the other; that if there had been a judgment, and the full amount due upon it had not been paid, an action of debt might have been brought upon it to recover the balance. "Such balance," says the court, "would have been adjudged to the plaintiff with interest in the shape of damages for the detention of the debt. If, in that case, the judgment debtor had chosen to pay only the principal of the judgment, leaving the interest unsatisfied, and the suit had been for the bal-

ance, consisting of interest only, the same result would have followed.

In the absence of any showing that the principal amount had been drawn down and accepted as in full satisfaction of the demand, the authorities hold that the fact that the judgment creditor had accepted the payment of the principal, did not debar him from the claim for interest.

In Henderson Cotton Mfg. Co. v. Lowell Machine Shops, 86 Ky. 668, it is held that partial payments on a debt bearing interest must, under the statute, be first applied to the extinguishment of the interest then due and that where a debt bears interest as a matter of law, the fact that the debtor may have made partial payments, amounting in all to a sum equal to the principal, does not extinguish the principal.

In Devlin v. Mayor, etc., of New York, 131 N. Y. 123, where the right of interest upon a commissioner's award in a proceeding to condemn property for a public school site, came before the court, the one having received the amount of the award under protest claiming the interest from the date of confirmation to the date of payment, the Court of Appeals of New York held that the compensation allowed by the statute consists in the amount allowed by the commissioners, with interest from the date of the confirmation of the report.

It is true that the judgment here, in making these allowances, does not, in so many words, set out that the amounts awarded and ordered paid are to bear interest. That was not necessary. Where the payment of money is ordered or adjudged, the statute provides for interest and fixes its rate. [Crook v. Tull, 111 Mo. 283, 1. c. 291, 20 S. W. 8.]

So our conclusion on the question of whether this allowance made in favor of and ordered by the court to be paid to the commissioners, is entitled to draw interest until it is paid, is, that it was of the judgment and order of the court in the case and draws interest.

In this view of the case it is hardly necessary to notice the other points made by learned counsel for appellant, as we think that the opinion and decision of our Supreme Court in the McManus case, supra, covers these points. We refer to that for a fuller statement of the facts. In that case it is held that the execution there issued was in conformity with the judgment; so it can be said of this. Moreover, it was specific in its recital of what had been paid on that judgment and by whom paid, and was distinctly and clearly for the balance due under that judgment and which it is charged remained unpaid by Mr. McManus.

While it has been held that but one judgment and but one execution can issue in a case, that is true as to executions only *sub modo*. Regularly, this writ before us is a pluries execution or writ. It is said by an accepted text-writer, 1 Freeman on Executions (3 Ed.), sec. 48:

"The plaintiff is not limited to his original or first writ of execution, but may call to his aid such further writs as may be necessary to enable him to obtain a full satisfaction of his demand. It is not necessary that the plaintiff should be able to point to any specific statutory provision giving him a right to an additonal writ. It is sufficient that the judgment in his favor remains wholly or partially unsatisfied and that the time within which execution may issue thereon has not terminated."

Alias and pluries writs of execution have always been recognized in our practice, notwithstanding the fact that we have no affirmative, positive, law on the matter. [See for illustration Bushong v. Taylor, 82 Mo. 671.]

The second point made by learned counsel, is that by the issue of an execution numbered 85, returnable to the February, 1913, term of the court, issued by order of one of the attorneys for plaintiff here in favor of himself and of another attorney and against Park,

as trustee, with its return of satisfaction, is preclusive of the rights of the several parties originally entitled thereto, to have further execution. We do not think this has any bearing here for the very simple reason that it nowhere appears that the present party, the commissioner at whose instance this execution now under consideration was issued, was any party or in any way connected with the issue of that execution. The acts of these other parties certainly could not in any way preclude him from the assertion of his own rights. That the same attorney acts in both and for each, does not bind the party save as that attorney acted for or represented him. Most lawyers have more than one client and it would be a somewhat dangerous rule to hold that in every action he bound every and any client he might have.

The third proposition, that this present execution is unauthorized by the decree and not in conformity therewith, we think is disposed of by the decision of our Supreme Court in the McManus case, supra.

We find no reversible error in the action of the trial court and its judgment is affirmed. *Nortoni, J.,* concurs. *Allen, J.,* not sitting.