THOMAS WARD McMANUS, Appellant, v. CAMILLA
S. W. BURROWS, et al., Defendants, In re
FRANK H. GERHART, Commissioner,
Respondent.

St. Louis Court of Appeals.    Opinion Filed April 5, 1921.

1. **COURTS: Opinions: Appellate Jurisdiction: Supreme Court Without Jurisdiction: .Opinion Not Binding on Court of Appeals.** An opinion filed in division in a cause which was afterwards transferred·to court En Banc is not an authoritative utterance of the Supreme Court, and hencè not binding upon the court of appeals, where it was filed in a cause in which that court, as was subsequently held En Banc, had no jurisdiction.

2. **INTEREST: Not Covered by Contract: Payable Only When Express Statute Allows It.** Interest on matters not covered by contract for interest is only payable and demandable when there is an express statute allowing it.

3. **COSTS: Interest: Partition: Allowance to Commissioners: Items Taxed as Costs in Partition Suits Not Within Interest Statute: Words "Judgment or Order" Refer to Merits.** Items taxed as costs in partition proceedings do not fall within the terms of section 7181, Revised Statutes 1909, providing interest shall be allowed on all money due upon any judgment or order of any court, etc., and while it is true that section 2279, Revised Statutes 1909, allows a judgment for costs in partition suits, that does not mean that interest is allowable upon such costs from the date of judgment; the words "judgment or order" as used in section 7181, have reference to the merits of the case and not to mere incidental allowances for costs; and where, in a partition suit, commissioners were appointed, and by stipulation it was agreed that the court might disregard the statutory allowance fixed by section 2578, Revised Statutes 1909, and fix the allowance to the commissioners at such sum as the court might deem just and proper under the circumstances, while authorizing the court to fix the allowance at a sum beyond the amount allowed by statute, it did not change the character of such allowance as costs taxable in the case and *held* that as such costs the allowance does not bear interest.

Appeal from the Circuit Court of the City of St Louis.
—*Hon. Leo. S. Rassieur,* Judge.

REVERSED AND REMANDED *(with directions.)*

Reporter's note: See McManus v. Burrows, 280 Mo.
327. Also for briefs, see same case.

*T. J. Rowe, Thos. J. Rowe, Jr., and Henry Rowe*
for appellant.

*Marion C. Early* for respondent.

ALLEN, P. J.—This is an appeal from an order
of the circuit court of the city of St. Louis overruling
a motion to recall and quash an execution, being ex-
ecution No. 52, February Term, 1916, of that court, and
said to be a pluries execution on execution No. 94, Dec-
ember Term, 1908, of said court.

In the above entitled cause, a partition suit, institut-
ed by the appellant, McManus, in the circuit court of
the city of St. Louis, the respondent, Gerhart, was ap-
pointed as one of three commissioners to make partition
of the lands involved therein. The commissioners hav-
ing made their report, the court, on June 23, 1908, con-
firmed the same by a decree which, *inter alia,* made al-
lowances to said commissioners, each commissioner
being allowed $5000, in accordance with a stipulation
fixing the amount of such allowances. Appellant Mc-
Manus was liable for one-half of such allowances. Sub-
sequently an execution was issued for the purpose of
collecting from McManus the one-half of the respective
allowances to the commissioners payable by him. From
an order overruling his motion to quash that execution,
McManus unsuccessfully appealed to the Supreme Court.
Owing to the pendency of that appeal, said one-half of
the allowances to the commissioners was not paid by
McManus until December 24, 1912.

206 M. A.—34

The execution here involved, which the circuit court refused to quash, is one caused to be issued by respondent Gerhart for the purpose of collecting from McManus $675 as interest upon the sum of $2500 from June 23, 1908—the date of said decree, when such sum became payable by McManus as his one-half of the allowance to Gerhart as commissioner—to December 24, 1912, when the same was paid, as aforesaid.

The precise question here involved was before this court in McManus v. Burrows, 191 Mo. App. 594, 177 S. W. 671, wherein the appeal was taken by McManus from an order refusing to quash an execution issued at the instance of Henry C. Grenner, one of said commissioners, for the purpose of collecting from McManus interest upon the one-half of Grenner's allowance as commissioner payable by McManus, for the period mentioned. This court affirmed the action of the trial court in refusing to quash such execution. Further reference will be made to the opinion of this court on that appeal.

Appellant's motion to quash the execution involved in the present appeal contained grounds which were intended to raise constitutional questions, and because of this the appeal was allowed to the Supreme Court. It appears that the cause was docketed and heard in Division No. 1 of the Supreme Court, and that an opinion was written therein by Judge GRAVES, concurred in by all of the members of that division excepting Judge JAMES T. BLAIR, who dissented upon the ground that the Supreme Court was without jurisdiction, and upon whose dissent the cause was transferred to the court en Banc. The said opinion in division held that the cause had been properly appealed to that court and that the order below should be reversed and the execution quashed. The court en Banc, however, held that the Supreme Court had no jurisdiction of the appeal, and transferred the cause to this court.

The opinion of Judge GRAVES on the merits, which is directly contrary to the opinion of this court

in McManus v. Burrows, supra, 191 Mo. App. 594, 177 S. W. 671, upon the identical question, is, of course, not an authoritative utterance of the Supreme Court, and hence not binding upon us, since it was filed in a cause in which that court, as was subsequently held en Banc, had no jurisdiction. But we have that opinion before us, and after mature consideration of the question presented by this appeal, we find ourselves in thorough accord with the views expressed therein by that learned jurist. We therefore adopt that opinion, including the statement of facts, made by a commissioner and adopted by Judge GRAVES, wherein all of the facts are fully set forth, omitting, however, certain preliminary statements here no longer necessary, and omitting also all reference to the jurisdictional question. With these omissions the statement and opinion follow, viz.:

"Some time prior to June, 1908, plaintiff filed in the circuit court of the city of St. Louis, a partition suit against defendants, Camilla S. W. Burrows et al., to partition in kind the real estate described in petition. McManus, the plaintiff, had a half interest in said property; Camilla S. W. Burrows a one-sixth interest, and Park, trustee, a one-third interest therein. Henry C. Grenner, Charles Z. Trembley and respondent, Frank H. Gerhart, were appointed commissioners to partition said lands. They made their report and the same was confirmed by said Court on June 23, 1908. The decree embodied allowances to attorneys, to the above commissioners and others.

"The decree recites, among other things, the following:

" 'And the court being fully advised in and concerning the matter, doth further order the sum of five thousand dollars ($5000) as and in full of his services as commissioner be and is hereby allowed to Frank H. Gerhart.'

"A similar allowance was decreed to each of the other commissioners. The decree provided that the above sum should be taxed as costs against each party to the

suit according to his respective rights, viz., to Thomas Ward McManus, one-half thereof; Matthew Park, trustee, two-sixths thereof, and said Camilla S. W. Burrows, one-sixth thereof.

"On November 20, 1908, an execution was issued on above judgment at the December Term, 1908, number 94. Among other things, it commanded the Sheriff that out of the property awarded to Thomas Ward McManus, he should collect $2,500 as costs adjudged to each of the above commissioners.

On November 21, 1908, Camilla S. W. Burrows had paid her one-sixth of the obligation due from her under the decree, and was not further liable. McManus had paid his half of the allowances made to attorneys, but nothing further. Under the above circumstances, execution 94, supra, at the December Term, 1908, was issued. It directed 'that of the goods, chattels, and real estate awarded to Thomas McManus by the Commissioners' report' the Sheriff cause to be made one-half of the allowance specified, omitting the attorneys' allowance; and of the property of Park, Trustee, one-half of all allowances specified, including attorneys' allowance.

"On November 23, 1908, McManus filed his motion to recall and quash said execution numbered 94, which was overruled and the cause appealed to the Supreme Court. Said execution contained the following endorsement:

"'Appeal bond filed and appeal to the Supreme Court allowed. Thereupon I return this execution unexecuted and unsatisfied.'

"On December 10, 1912, Division Two of this court affirmed the decision below. The case is reported in 246 Mo. at page 438, and following, where the facts are fully stated.

"On December 24, 1912, before the mandate of this court in above cause reached the trial court, McManus paid the circuit clerk of that court $7,824.55, as costs in said cause. This was one-half of the face of all the obligations (except attorneys' fees) established by the

McManus v. Burrows et al.

decree of June 23, 1908. Respondent Gerhart, on December 27, 1912, collected, out of above sum, from the circuit clerk aforesaid $2,500, being the face of the original allowance in his behalf, without interest. Matthew Park, as trustee, paid his share of the allowance to the three commissioners, but nothing toward the other allowances.

"At the February Term, 1913, execution No. 85 was issued at the instance of attorneys, to whom allowances were made. This execution recites the foregoing facts, and is directed against Park, trustee, alone, for the unsatisfied part of his obligation. His motion to quash said execution was overruled. This execution was satisfied by a sale thereunder, Park, trustee, filed a motion asking for a return of part of the money, in the hands of the Sheriff, being the interest on the allowance to counsel from the rendition of the judgment on June 23, 1908, amounting to $1,665. This motion was overruled as to said matter. Counsel for McManus, in the former case in this court, as well as in the present case, filed briefs in respect to said motion.

"At this stage of the proceedings, Camilla S. W. Burrows and Park, trustee, are discharged from all obligations for costs of any kind. Park, under the decision of the court, paid interest on the allowances. McManus settled for the attorneys' fees in full and on December 24, 1912, paid his share of the face of the allowance to the commissioners as fixed by the decree of June 23, 1908, but paid no interest thereon.

"The real question presented by the record is whether McManus should pay interest to respondent, on his allowance as commissioner aforesaid. To test this question, execution No. 114 was issued at the April Term, 1913, of said circuit court. It recites the foregoing allowances and credits thereon, and seeks to collect from McManus 'The sum of six hundred and seventy-five dollars, being interest upon the sum of twenty-five hundred dollars so ordered to be paid by the said Thomas Ward McManus from the 23rd day of June, 1908, to the

24th day of December, 1912, at the rate of six per cent annum.' This execution was issued at the instance of Commissioner Grenner.

"McManus filed a motion to quash this execution, which was overruled, and he appealed from said order to the St. Louis Court of Appeals. The latter sustained the action of the trial court in overruling the motion of McManus to quash the Grenner execution. The opinion of the Court of Appeals is reported in 191 Mo. App. at page 594 and following. Thereupon, respondent Gerhart procured the issuance, at the April Term, 1916, of execution No. 52, which is the subject of controversy in this proceeding. It calls for the $675, as interest due on respondent's allowance as commissioner, and strictly follows the Grenner execution.

"On January 31, 1916, appellant filed in said cause his motion to recall and quash said execution No. 52. It is asserted in the motion to quash that the circuit court was without jurisdiction to issue same, as the allowance to respondent did not bear interest. . . .

"McManus introduced in evidence, in the trial of his motion to quash in this case, the bill of exceptions in the Grenner proceeding, supra.

"It is averred in the motion before us that Gerhart agreed to accept $5,000 in full payment of this allowance as commissioner, and that he waived his right to collect interest on said allowance. Aside from the last-mentioned ground of the present motion to quash, it is substantially the same as the motion to quash filed in the Grenner proceeding, and determined adversely to appellant by the St. Louis Court of Appeals (191 Mo. App. 694).

"On March 14, 1916, appellant's motion to quash said execution No. 52 was overruled by the trial court, and an appeal was granted McManus to this court, from the order and judgment overruling same."

## OPINION.

"In partition suits there may be more than one kind of money judgment entered. This case, as I gather it,

covers an allowance made in the nature of costs. Such an allowance, when made and taxed as costs, is not different from other costs in the case. That it was allowed as costs is apparent from the opinion of BLAIR, C., in McManus v. Price, 246 Mo. 438, as well as from the record now before us. There is nothing in the Price case which lends support to the theory that interest should be allowed upon costs taxed in partition proceedings, as contended in McManus v. Burrows, 191 Mo. App. 594. Nor does Judge BLAIR so classify the allowances for costs as to bring them under section 7181, Revised Statutes 1909, as to interest. The question in the Price case was whether these costs could be collected by execution or whether by fee bill. The disposition of this question did not call for a holding (or language indicating a holding) that an allowance for costs, taxed as costs in a case, arose to the dignity of a judgment, which would bear interest, under section 7181, Revised Statutes 1909, supra. Nor do I think his language indicates such a holding.

"The judgment *nisi* is predicated on the theory that interest is due upon this allowance of cost. Interest on matters not covered by contract for interest is only payable and demandable when there is an express statute allowing it. In this State we have interest statutes. In such states the rule is thus concisely stated in 15 R. C. L. p. 9:

" 'In some jurisdictions, however, express provision is made for the allowance of interest, and where this is the case, interest, if not authorized by the statute, cannot be recovered unless contracted for.'

Respondent, realizing the force of this rule, points to section 7181, Revised Statute 1909, as his authority for interest. Items taxed as costs in partition proceedings do not fall within the terms of section 7181, Revised Statute 1909, in my judgment. The only difference (in partition suits) between these costs and other costs is that they must be allowed by the court before they become

costs at all, whilst certain other costs are fixed by statutes. But this fact of allowance does not change them from being costs in a partition suit. Nor does it raise them to the dignity of a judgment or order upon which interest is payable.

"It is true that section 2279, Revised Statutes 1909, allowes a judgment for costs in partition suits. So, too, we usually render judgment for costs against the losing party in all cases, but this does not mean that interest is allowable on these costs from the date of judgment. Nor does section 7181, Revised Statutes 1909, contemplate such a thing. The statute reads:

" 'Interest shall be allowed on all money due upon any judgment or order by any court, from the day of rendering the same until satisfaction be made by payment, accord or sale of property; *all such judgments and orders for money upon contracts bearing more than six per cent interest shall bear the same interest borne by such contracts*, and all other judgments and orders for money shall bear six per cent per annum until satisfaction made, as aforesaid.'

"The italics are ours. The italicized portion of the statute shows conclusively that the legislative mind did not have in view allowances of costs, in the order of the words 'judgment or order' in this statute. The words are used in the same sense through-out the statute. The italicized portion makes it clear that mere allowances made and taxed as costs in a case were not in the legislative mind.

"The words 'judgment or order' as used in this statute have reference to the merits of the case, and not to mere incidental allowances for cost. This is made clear by the italicized portion of the statute, which makes 'the judgment or order' for the payment of money bear interest at the contract rate.

"In this case the execution should be quashed, because the allowances had been fully paid before the execution was issued."

The reasoning of Judge GRAVES, which appears to us irresistible, leaves little, if any, room for further

comment on the question involved. We may, however, call attention to the fact that section 2578, Revised Statutes 1909 (now section 2014, Revised Statutes 1919) provides as follows:

"The commissioners appointed in pursuance of this article shall be entitled to receive the sum of $2.50 for every day they shall be employed in effecting such divisions; * * * which charge shall be reported by the commissioners and taxed and collected as their costs."

By the stipulation referred to above it was agreed that the court might "disregard the statutory allowance" and fix the allowance to the commissioners at such sum as the court might deem "just and proper under the circumstances." While the stipulation authorized the court to fix the allowance at a sum beyond the amount allowed by the statute, it did not change the character of such allowance as costs taxable in the case. And we regard it as entirely clear that as such costs, the allowance does not bear interest in the absence of a special statute so providing.

We may further add that in McManus v. Burrows, 191 Mo. App. 594, 177 S. W. 671, this court called attention to the following language of the Supreme Court in McManus v. Burrows, et al; Price et al., respondents, 246 Mo. 438, 152 S. W. 3, viz.:

"Those in whose favor these allowances or costs are adjudged in cases of this kind are, under the special statute (Revised Statutes 1909, section 2279), entitled to control the judgment therefor in their favor and, for that matter, would seem to be as much 'parties' to the judgment in their favor as any other who secures a money judgment. Their relation to the judgment is very different from that of the court official entitled to fees accruing in connection with an ordinary action and whose rights with respect to collecting his fees or costs are defined by a wholly different statute."

This is the language of that opinion to which Judge GRAVES refers. But though commissioners in such cases may be entitled to control the judgment in their

favor and to cause execution to issue for the collection of their allowances, it does not follow that such allowances, when fixed, will bear interest until paid. That such an allowance is a matter of costs in the case, and hence not included in the terms "judgment" or "order" mentioned in section 7181, Revised Statutes 1909, supra, seems entirely clear. And we think that the effect of the holding in the Price case, supra, was not "to make these commissioners and others who are awarded compensation for their services practically judgment creditors," as was said by this court. [McManus v. Burrows, 191 Mo. App. 594, l. c. 601, 177 S. W. 671.].

For the reasons indicated above, the ruling of the circuit court is reversed and the cause remanded with directions to the circuit court to recall and quash the execution in question. *Becker J.,* concurs.