Alvae **WINTERTON**, Plaintiff,

v.

Boydie Clay **VAN ZANDT**, Defendant,

Farmers Insurance Exchange, Garnishee,

Alvae Winterton, Interpleader,

William J. Cason, Interpleader-Appellant,

Kelso Journey, Interpleader-Respondent.

No. 24114.

Kansas City Court of Appeals.

Missouri.

Dec. 6, 1965.

William J. Cason, Harold L. Caskey, Clinton, for appellant.

S. L. Trusty, Kansas City, for respondent.

MAUGHMER, Commissioner.

This suit, in which originally four individuals and one insurance company were involved, is here for the second time. The

rights and responsibilities of Winterton, Van Zandt and the Company have been fully and finally adjudicated. There remains, however, some dispute between two of the interpleaders, namely, William J. Cason, the present appellant, and Kelso Journey, the present respondent. We shall recite the facts in sufficient detail to identify and present this remaining controversy.

Since 1940, Senator Kelso Journey, respondent, has been a practicing attorney in Clinton, Missouri. Senator William J. Cason, appellant, has practiced law there since 1951. These two lawyers were associated together in the practice for a few years during the early fifties. They represented, among others, Mr. Alvae Winterton in his suit against Boydie Clay Van Zandt, for damages arising out of an automobile accident. This suit was prosecuted by them, sometimes acting together, sometimes acting separately, to a successful conclusion —to a final judgment of $14,250. The liability insurer denied its responsibility. However, a garnishment proceeding, based upon that judgment and against the Farmers Insurance Exchange, insurer, resulted in establishing with finality, (through decision by the Supreme Court of Missouri in Winterton v. Van Zandt, 351 S.W.2d 696), the responsibility of such insurer for that part of the judgment which was not in excess of its coverage.

On January 15, 1962, the Farmers Insurance Exchange's liability under the judgment, including interest, amounted to $19,-856.67, which sum it was authorized to and did pay into the Circuit Court of Morgan County, Missouri, as custodia legis. Winterton, Journey and Cason were interpleaded and the court was requested to determine the rightful share of each in and to the fund. The circuit court heard evidence on the matter and then entered an order or judgment dividing the money. It allowed Winterton a share. No party appealed from that allowance. It, therefore, became final and presumably has been paid. Cason's share of the fee was determined to be $3600 (approximately 40 percent) and he was allowed additionally, $70 as expenses. Journey was allowed expenses of $997.83 and a share of the fee ($5,524.15 or just over 60 percent). Senator Cason did not appeal from that circuit court judgment or order, but Senator Journey did appeal. This court by its opinion (Winterton v. Van Zandt, Mo.App., 374 S.W.2d 631) affirmed the circuit court judgment in all respects. A more detailed statement of the facts may be found in that opinion. The judgment order of the circuit court, as affirmed by this court, will hereinafter be referred to as the original judgment order.

The money covering the allowance to both Journey and Cason, of course, remained in the hands of the circuit clerk from February 23, 1962, (the date of the original judgment order) until the mandate of this court was received by the circuit clerk. Apparently in April, 1964, the circuit court was about to release the funds in accordance with its original judgment order, when Cason filed a document styled "Motion for Disbursement". Therein he requested and moved that in addition to the $3670 ($3600 fee and $70 expenses) he be allowed interest thereon at 6 percent from February 23, 1962, the date of the original judgment order, until the same shall have been paid to him. Presumably he contemplated that this interest should be deducted from and paid out of the principal sum allowed to Journey as attorney fee and expenses. It could conceivably come from no other source. Farmers Insurance Exchange, the judgment insurer, certainly is not liable. It paid the full amount of its liability into court, and interpleaded both Cason and Journey so that the court could determine their respective shares. Winterton, the plaintiff and client, is surely not responsible. He has received only his rightful portion of the judgment. The circuit clerk, custodian of the fund, merely held onto it until the attorneys' controversy could be finally resolved and the money could be disbursed with safety.

The circuit court heard and considered appellant Cason's motion, but refused to allow interest, and on April 13, 1964, directed disbursement in accordance with the original judgment order. Respondent, in his brief and in his motion to dismiss the appeal, states that he, on April 13, 1964, "drew down" that portion of the fund ($6,-521.98) apportioned to him under the orders of both February 23, 1962 and April 13, 1964, and that on April 14, 1964, Cason "drew down" the share ($3670) similarly apportioned to him. Appellant has made no reference to any such withdrawals. In any event, Cason has appealed from the denial of his claim for interest.

■ As we understand Senator Cason's position he claims Journey should pay him interest for two reasons: (1) He asserts that if Journey had not appealed the first judgment, the money would have been paid in 1962 and he would have had the use of it ever since, and (2) that Section 408.040, V.A.M.S., specifically provides that interest shall be paid on all judgments from date of entry until satisfaction thereof is made. The statute does provide for interest on judgments. However, one of appellant's difficulties is that he has no judgment against respondent Journey. They were both recognized as disputing claimants to a fixed amount of money (their attorney fee and expenses) which was paid into court in order for the court to determine the true share of each claimant therein. They were unable to agree upon a division among themselves, so the judgment debtor and damage suit liability insurer paid the money into court. The circuit court properly held the funds and would be entitled to continue to hold them until the division dispute has been finally resolved. Each claimant had a perfect right to invoke appellate court review of the circuit court decision as to the amount of the respective shares without being penalized with interest for having so appealed.

Neither of these claimants under the judgment of division will receive as large a share as he contended for in the beginning. The position of neither was approved in toto. Both have lost the use of the amount of the attorney fee awarded pending final adjudication of the dispute. If the clerk were still retaining the fund, would interest be due and owing to Journey from Cason, on Journey's part of the fee because Cason appealed from the disbursement order of April 13, 1964, and thereby precluded Journey from receiving payment at that time? We believe not, although such would appear to be the converse of Cason's position. Similarly, is interest due and owing to Cason from Journey on Cason's part of the fee because Journey appealed the first circuit court judgment? Again we believe not.

■ If, as seems probable, the fund has been completely disbursed with both Journey and Cason having received their respective shares, no fund remains in custodia legis out of which interest might be allowed and paid. Does appellant expect to have a judgment entered against Journey for interest, when both Cason and Journey are involved in this litigation only as interpleaders? It cannot be.

■ We dispose of the applicability of Section 408.040, supra, which provides for interest on judgments by the simple observation that in this matter Cason does not have a judgment against Journey.

■ Appellant says further that on the first appeal this court assessed the costs against Journey and that interest is generally included as part of the costs. Journey lost that appeal and, as is usual, the costs were taxed against him, the losing party. The circuit court in its April 13, 1964 order of distribution taxed the costs against Journey. The appellate costs of this appeal will likewise be taxed against Cason, the losing party, but this will not include interest on Journey's part of the judgment. We approve fully the order of this court and of the circuit court respecting cost taxation. Interest for neither Cason

nor Journey is properly taxable as costs in this matter.

Appellant cites some cases which he contends support his position. In McManus v. Burrows et al., 191 Mo.App. 594, 177 S.W. 671, it was held that commissioners in a partition suit were entitled to interest on the allowances made by the trial court for their services from the date of allowance until paid. These fees were first taxed as costs. The commissioners were judgment creditors with what was in effect a judgment against the partitioned estate or the proceeds from the sale. The case is not decisive or even instructive on the matter before us. In re Thomassons's Estate, Mo., 192 S.W.2d 867, involved attorney fees allowed against the executor of an estate. Even there interest was disallowed because the attorneys refused to accept the allowed fee, claiming it was inadequate, and thereby they caused the delay in payment. This case does not rule our question because there the attorneys were judgment creditors against the estate and as such would generally be entitled to interest if delay in payment was not caused by their own acts.

We have read the other cases cited by appellant but are not persuaded that he is entitled to interest. It is our opinion that the order of disbursement entered by the trial court on April 13, 1964, is in accordance with that court's original judgment order, follows the mandate from this court, and is completely right and proper. We specifically affirm the action of the trial court in denying appellant's claim against Journey or against the fund for interest. We find no error in the circuit court judgment and order of disbursement dated April 13, 1964, and believe it is completely correct.

The judgment or order of distribution is approved and affirmed.

DEW, Special Commissioner, and SPERRY, C., concur.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

CROSS, P. J., and HOWARD, J., concur.

BLAIR, J., not participating.